**UNITED STATES of America,**
**Appellee,**

v.

**James QUON, Appellant.**

**No. 162, Docket 24010.**

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1956.

Decided Jan. 21, 1957.

**162**

Matthew H. Brandenburg, New York City, for appellant.

Paul W. Williams, U. S. Atty., New York City, for appellee. William S. Lynch, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

SWAN, Circuit Judge.

This appeal was argued with United States v. Landi, 2 Cir., 240 F.2d 238. On the merits the questions are identical with those discussed in the Landi opinion handed down January 8, 1957. We would affirm without more except for the Government's contention that the present appeal should be dismissed.

The defendant pleaded guilty to counts 1 and 3 of an indictment which charged substantive violations of the narcotic laws, 21 U.S.C.A. §§ 173 and 174, and conspiracy to violate them. On December 19, 1955 he was given a cumulative sentence of five years on count 1 and two and one-half years on count 3. Thereafter he moved under Rule 35, Fed.Rules Crim.Proc. 18 U.S.C.A., for a modification of the sentence. The motion was denied January 30, 1956 and notice of appeal was filed February 11th. This was too late, and the appeal was subsequently discontinued.[1] On February 27, 1956 defendant again moved, under Rule 35 and 28 U.S.C.A. § 2255, for a modification of the sentence. This motion was denied March 16, 1956. A timely appeal was taken from that order.

---

1. Rule 37(a) (2), F.R.Cr.P. specifies that an appeal may be taken within 10 days after entry of the judgment or order appealed from. "The time limits fixed by the Rules are jurisdictional." United States v. Bloom, 2 Cir., 164 F.2d 556, 557.

The motion was denied on two grounds: first because "it is in effect a disguised motion for reargument of the original motion for modification * *; and, secondly, assuming that it is a motion to correct an illegal sentence, it is denied on the substantive merits."[2]

 The denial of a motion for reargument does not extend the time for appealing from the original order. United States v. Bloom, 2 Cir., 164 F.2d 556; United States v. Froehlich, 2 Cir., 166 F.2d 84, 85; Carter v. United States, 10 Cir., 168 F.2d 310, 311. Indeed, the appellant makes no claim that we should review the denial of his first motion. An order denying reargument can be reviewed only for an abuse of discretion, and when, as in the case at bar, there is " * * * no new matter which was relied on to support the motion for reargument, there is nothing to indicate any abuse of discretion" as we held in the Froehlich case, supra [166 F.2d 85]. Hence, viewed as a motion for reargument denial of the motion was correct.

 In denying the motion "on the substantive merits," the court followed, without discussing it, the procedure approved in Ekberg v. United States, 1 Cir., 167 F.2d 380, namely, entertaining a second motion under the first sentence of Rule 35, which authorized the correction of an illegal sentence "at any time," notwithstanding the previous denial of the same motion. We agree with the Ekberg decision. The Government fears that the acceptance of such procedure may open the door to evasion of the time limitation for filing appeals. We think the fear is exaggerated. The repetition of motions under the first sentence of Rule 35 is somewhat analogous to successive habeas corpus proceedings.[3]

2. During oral argument on the motion Judge Herlands said:

"The Court has presided over this matter at its trial before the jury. The Court also entertained subsequently a motion for reduction of sentence which was brought under the second sentence of Rule 35 of the Federal Rules of Criminal Procedure.

"Apparently, as a matter of record, this defendant failed to take or perfect his appeal within the time schedule set up by the Rules, and I regard the present motion as an attempt to circumvent the Rules which fix a deadline for the taking of appeals.

"What the defendant has done in effect is to attempt to obtain a motion for reargument of the motion for modification or reduction of sentence, but in order to circumvent the rule, instead of calling it a motion for reargument, he has put a different label on it. He now calls it a motion to correct an illegal sentence.

"Rule 35 in its first sentence provides: 'The Court may correct an illegal sentence at any time.' It is under that sentence that the defendant now makes this motion, the theory being that the phrase 'at any time,' literally means what it says.

"An examination of the present motion papers shows that no new arguments have been advanced. As a matter of fact, counsel's memorandum of law submitted on this motion significantly reads as follows, and I quote from the cover of his memorandum, 'Memorandum of Law in Support of Defendant's Application for Modification of Sentence.' Note the word 'modification.'

"So that apparently counsel himself regards this application as an application for modification of sentence, which is precisely the motion that was entertained before. The fact that he calls it a motion to 'correct' an illegal sentence—and I quote the word 'correct'—does not change its substance. The Court is not bound by labels or phraseology.

"Nevertheless, and in fairness to the defendant, I have considered again all of the arguments that have been advanced, all of the facts that have been adduced, and I have reached the same conclusion, that the sentence was proper, that the sentence was fair, that the sentence was legal, and I therefore deny the motion on two grounds: First, that it is in effect a disguised motion for reargument of the original motion for modification, and therefore it is doubtful whether it is properly made as a motion to correct an illegal sentence; and, secondly, assuming that it is a motion to correct an illegal sentence, it is denied on the substantive merits."

3. Cf. 28 U.S.C.A. § 2255 which provides: "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

As was said in United States ex rel. Gregoire v. Watkins, 2 Cir., 164 F.2d 137, 138, "This does not mean that a prisoner may again and again call upon a court to repeat the same ruling; the court may, in the exercise of discretion, protect itself against a pertinacious relator." Moreover, section 2255, Title 28 U.S.C.A. provides: "The sentencing court shall not be *required* to entertain a second or successive motion for similar relief on behalf of the same prisoner [Italics added]." But here the sentencing court did entertain it. On the merits denial of the motion was correct for reasons stated in the Landi opinion, supra.

Order affirmed.