**AMERICAN SECURITY BANK, N. A.**

v.

**JOHN Y. HARRISON REALTY, INC.,**

**and**

**Walter T. Charlton, Appellants.**

**No. 80–2326.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 18, 1981.

Decided Jan. 12, 1982.

---

Walter T. Charlton, Bethesda, Md., for appellants.

J. Jonathan Schraub, Washington, D. C., for appellees.

Before McGOWAN, Senior Circuit Judge, and MIKVA and WRIGHT, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

 This case presents a narrow procedural problem concerning the kinds of motions that toll the running of the 30-day period within which litigants in the district court must notice their appeals. *See* Fed.R. App.P. 4. This court and others previously have made it clear that a motion to reconsider a motion for a new trial is not *itself* a motion for a new trial, and is therefore insufficient to toll the running of the time period in which to file a notice of appeal. Since the timeliness of the notice of appeal is jurisdictional, we are not permitted to review the merits of the controversy. We do reverse the award of attorney's fees to appellee, a matter within our jurisdiction.

## I. Procedural Background

In April 1979, appellant Harrison Realty Company (Harrison) deposited for collection with appellee American Security Bank (ASB) a check for $25,000 drawn on an English bank. Five days later, ASB mistakenly informed Harrison that the check had cleared, and the bank issued a cashier's check to Harrison for the full $25,000. Harrison disbursed the funds shortly thereafter.

The check was subsequently dishonored, however, and ASB brought suit in the district court against Harrison for the funds erroneously disbursed. The bank alleged that Harrison's refusal to reimburse it for the amount of the dishonored check was a breach of Harrison's contract of endorsement and of warranty provisions in the Uniform Commercial Code. Harrison responded that ASB's negligence in the handling of the check, and the bank's false representation that the check had cleared, precluded it from recovery.

A jury empaneled before a magistrate returned a special verdict in favor of ASB on August 7, 1980, finding that the bank had not failed to exercise ordinary care in handling the check or in notifying Harrison of the dishonor. Harrison immediately made an oral motion for a judgment n. o. v. or, in the alternative, for a new trial.[1] On August 18, Harrison renewed these motions in written form, and three days later, on August 21, Harrison also filed a separate motion for a new trial.[2]

The magistrate decided these motions on August 25, and entered judgment on the

---

**1.** The motion was based in part on the alleged existence of documents that would substantiate Harrison's defense, and of whose existence Harrison had become aware only as a result of testimony at trial. Harrison had sought a directed verdict in its favor on the ground that ASB had received notice that the check was dishonored at least seventeen days prior to notifying Harrison of that dishonor. The evidence at trial was inconclusive, however, as to the date on which ASB received that notice.

In an effort to obtain the alleged documents from Banker's Trust Company of New York, the correspondent bank in the collection process, Harrison secured the issuance of a subpoena duces tecum from the district court for the Southern District of New York. On August 14, 1980, the magistrate issued a protective order quashing the subpoena on the ground that it constituted discovery that should have been conducted prior to trial. Order, August 14, 1980, J.A. 13. On September 30, the magistrate entered judgment for ASB against Harrison and its counsel for attorney's fees and costs sustained in obtaining the protective order, which is the subject of discussion in Part III *infra*.

**2.** Harrison's motion also requested sanctions against ASB for failure to provide continuing discovery. The magistrate denied the motion for sanctions on August 25. Order, J.A. 16.

jury's verdict the same day. In his order, supplemented by a Memorandum Opinion filed on August 29, the magistrate denied Harrison's August 18 motion for judgment n. o. v. and the August 21 motion for a new trial. Memorandum Opinion, August 29, 1980, Joint Appendix (J.A.) 18, 32.

Harrison responded with a new motion on September 4, titled, in relevant part, "Motion for Reconsideration [and] for a Hearing to Present New Evidence." J.A. 33. This motion asked the magistrate, among other things, to reconsider the denial of the previous motions for a new trial. The magistrate denied this motion in full on September 22. Order, J.A. 40.

One month later, on October 22—58 days after the judgment was entered—Harrison filed notice of appeal.

## II. Jurisdiction

The characterization of Harrison's September 4 motion determines the extent of the court's jurisdiction in the case now before us. Fed.R.App.P. 4 requires that notice of appeal be filed 30 days from the entry of judgment. The magistrate entered judgment on the jury's verdict on August 25, but Harrison did not notice its appeal until October 22.

■ The rule also provides, however, that certain motions filed under the Federal Rules of Civil Procedure operate to toll the running of the 30-day period. The rule provides that if any party files a motion (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact . . .; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run

from the entry of the order denying a new trial or granting or denying any other such motion.

Fed.R.App.P. 4(a)(4). Since Harrison's motions for a new trial and for judgment n. o. v. were denied at the same time as judgment was entered, no tolling occurred as a result of such motions.

Harrison contends that its September 4 motion for reconsideration suspended the running of the appeal period until the magistrate denied that motion on September 22. Were this correct, the 30-day period would run from September 22, and Harrison's October 22 notice of appeal would clearly be timely.[3] Harrison suggests that its September 4 motion qualifies under two separate portions of the rule: subsection (iv), because a motion for reconsideration of a motion for a new trial is akin to a motion for a new trial; and subsection (iii), because the motion requested the magistrate "[t]o set aside the judgment entered pending a 60 day period for reopened discovery" and therefore constituted a motion "to alter or amend the judgment."

We reject both arguments. As to the first contention, the case law in this and other circuits is emphatic that a motion to reconsider the denial of a motion for a new trial does not operate to toll the running of the appeal period. E.g., Randolph v. Randolph, 198 F.2d 956 (D.C.Cir.1952); Wansor v. George Hantscho Co., 570 F.2d 1202, 1206 (5th Cir. 1978). In Randolph, the court stated that

> A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing or affect the finality of the

**3.** It is unnecessary to decide whether Harrison's notice of appeal was adequate on other grounds, however. The October 22 notice of appeal indicated only an intent to appeal from the magistrate's September 22 denial of Harrison's motion for reconsideration, and from a September 30 entry of judgment for attorney's fees and costs. See note 1 supra. On November 19, in a motion for extension of time to appeal for good cause shown pursuant to Fed. R.App.P. 4(a)(5), Harrison sought leave to file an amended notice of appeal and this time

specified the magistrate's entry of judgment on the jury's verdict in August. The magistrate denied this motion for want of excusable neglect or good cause on November 20. Four days later, however, the magistrate granted Harrison's motion for stay of execution of the August 25 judgment, recognizing that the question of the timelines of Harrison's appeal on the merits was already before this court. Memorandum Opinion, November 24, 1980, J.A. 48–49.

judgment under [the predecessor to Rule 4].

198 F.2d at 957 (quoting *Marten v. Hess*, 176 F.2d 834, 835 (6th Cir. 1949)). In *Wansor*, the Fifth Circuit updated this statement of the rule: "A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) does not again terminate the running of the time for appeal." 570 F.2d at 1206. *See* 9 C. Moore, Fed. Practice ¶ 73.09[4], at 3186.

▮ Harrison attempts to sidestep these precedents by blithely characterizing its September 4 motion as the initial Rule 59 motion for a new trial. It contends that the identical motions for a new trial made orally on August 7 and in written form on August 18 and August 21 could not have been Harrison's original Rule 59 motions because these motions were filed prior to the magistrate's entry of judgment on August 25. This argument cannot succeed, however, because it runs directly contrary to the established law of this circuit. In *Partridge v. Presley*, 189 F.2d 645 (D.C.Cir. 1951), we held that a motion for a new trial, though made prior to the entry of judgment, is a valid Rule 59 motion. In so finding, the court said:

> Appellee's argument that the motion for a new trial was premature because it was filed before the actual entry of judgment must be rejected, since Rule 59(b) of the Federal Rules of Civil Procedure requires a motion for a new trial to be "served not later than ten days after the entry of judgment." It is perhaps somewhat unusual practice to move for a new trial

before the actual entry of judgment, but to do so is not forbidden by Rule 59(b). *Id.* at 646.

▮ It may seem anomalous that Harrison's initial motions for a new trial, filed prior to the entry of judgment, did not succeed in tolling the running of the appeal period in this case. Whether a tolling actually occurs is irrelevant, however. The parties have no inherent right to toll the running of the appeal period following the entry of judgment, in the manner of coaches calling time outs in a football game. The purpose of tolling the appeal period is to relieve the parties of preparing their appeals when there is still a possibility that a new trial will be ordered, and in this case the concurrent disposition of the motions for a new trial and the entry of judgment completely obviated the need or reason for tolling.[4]

▮ Harrison's alternative characterization of the September 4 motion, as a motion to alter or amend the judgment, is equally specious. The motion requested the magistrate "[t]o set aside the judgment entered pending a 60 day period for reopened discovery." As ASB points out, this request bears all the indices of a motion made under Fed.R.Civ.P. 60(b), under which "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding" for certain enumerated reasons.[5] Such motions do not toll the appeal period, and indeed may be made well after the time for taking an appeal has passed.[6]

---

**4.** Harrison's characterization of its September 4 motion would give an undue advantage to other litigants who ascertained that a new trial was unlikely before entry of judgment—in this case, an extra month to prepare an appeal.

**5.** Fed.R.Civ.P. 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepre-

sentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

**6.** The Advisory Committee notes on Rule 60 explain that it derives from a number of the old common law writs and equitable remedies. "[O]ne of the purposes of the bill of review in equity was to afford relief on the ground of newly discovered evidence long after the entry of the judgment." Rule 60(b) motions may be

The rule seems to contemplate requests for temporary as well as permanent relief—parties may be "relieve[d]" from final judgments for such reasons as "mistake," "inadvertence," "excusable neglect," and "newly discovered evidence."

■ It was a combination of newly discovered evidence and misrepresentation that Harrison asserted in support of its September 4 motion, alleging

> a miscarriage of justice resulting from the basic refusal or failure of the plaintiff to place a key item of information before the jury as was its burden under D.C.Code 28:4.202(2).

> The post-trial information received by the counsel for the defendant indicates with certainty that such information in documentary form exists, contrary to the representations of plaintiff in sworn pre-trial statements.

Statement of Points and Authorities, September 4, 1980, J.A. 35. It would strain common understanding to interpret Harrison's September 4 motion as one to alter or amend the judgment rather than one seeking temporary relief from the judgment. Accordingly, we conclude that the September 4 motion did not stay the running of the period within which Harrison was required to file an appeal. Because Harrison did not file a notice of appeal until October 22, we have no jurisdiction to hear its appeal from the merits of the judgment entered by the magistrate on August 25, 1980.

### III. Appeals Properly Before the Court

Harrison's October 22 notice of appeal is sufficient to invoke our jurisdiction over other decisions by the magistrate, however. As indicated above, Harrison undertook additional post-trial discovery immediately after the jury announced its verdict. ASB obtained a protective order, however, and on September 30 the magistrate entered judgment for ASB against Harrison and its counsel for $488 in attorney's fees and costs sustained in obtaining that protective order. Order, September 22, 1980, J.A. 41; Judgment, September 30, 1980, J.A. 42. Harrison's October 22 notice of appeal is therefore timely concerning two questions: the magistrate's award of attorney's fees, and the magistrate's denial of the September 4 motion for reconsideration.

■ The latter decision is subject to a much less searching level of review than are appeals on the merits, and may be reversed only if the magistrate's decision was an abuse of his discretion. Harrison makes no attempt to make such a showing, and we conclude from the record in this case that such an effort would have been futile. There is no suggestion that the magistrate failed to consider Harrison's motion properly or rationally. We can perceive no possible basis on which the magistrate's denial of the September 4 motion could be said to constitute an abuse of discretion, and we therefore affirm.

On the final issue before the court, however, we must reverse the magistrate's decision to award attorney's fees to ASB as inconsistent with the general rule on that question and unsupported by any of the exceptions to that rule. The "American Rule" provides that, absent statute or valid contract, attorney's fees are generally not recoverable by the prevailing party in federal litigation. *See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *F. D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 126, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). There are limited exceptions to this general principle, of course, as enumerated by the Court in *Alyeska Pipeline*, but the only exception that might justify the award in this case is the long-recognized rule that attorney's fees may be awarded to a suc-

---

made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ...." Fed.R.Civ.P. 60(b). In contrast, Rule 59 motions to alter or amend a judgment "shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The Advisory Committee notes explain that this subdivision "has been added to care for a situation such as that arising in *Boaz v. Mutual Life Ins. Co. of New York*, C.C.A. 8, 1944, 146 F.2d 321," in which the district court changed the judgment from one dismissing the complaint without prejudice to one dismissing the complaint with prejudice.

cessful party when his opponent has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *Alyeska Pipeline*, 421 U.S. at 258–59, 95 S.Ct. at 1622; *F. D. Rich Co.*, 417 U.S. at 129, 94 S.Ct. at 2165.

█ We conclude, however, that Harrison's attempts to conduct post-trial discovery were in fact undertaken in good faith, and were not of such a vexatious or wanton nature as to fall within this narrow exception to the general rule that attorney's fees are not recoverable by the prevailing party. The magistrate characterized Harrison's post-trial discovery efforts as "unjustified," Order, August 25, 1980, J.A. 16, but this is a far cry from finding that they were dishonorable or vexatious. It was not unreasonable for Harrison's counsel to believe that the documents sought, had they existed, would have been greatly helpful in providing grounds for a new trial.[7] Whether Harrison was right or wrong in this perception, its efforts were not the sort that the imposition of attorney's fees is meant to curb. Harrison, faced with bearing the full loss for a dishonored check that ASB had erroneously informed it had cleared, understandably grasped at what seemed a means to abort this perceived injustice. We find no evidence of vexatiousness in this last-ditch effort. The award of attorney's fees to ASB for the costs incurred in obtaining the protective order of August 14, 1980, is reversed.[8]

### Conclusion

Courts and litigants have come a long way since the medieval days when resolution of the merits of a case might be frustrated by arcane pleading technicalities. The philosophy of the Federal Rules of Civil Procedure is to promote decisions on the merits whenever that is possible without prejudicing the parties unduly. Even so, the rules continue to require some adher-

ence to filing deadlines and other procedural routines, for the efficacy of courts is threatened when the regularity of their processes is diminished. Harrison's failure to file a timely notice of appeal cannot be evaded through semantic reconstruction of subsequent motions. Our review of the merits has therefore been precluded. We affirm the magistrate's denial of Harrison's September 4 motion, but reverse the award of attorney's fees to ASB.

*It is so ordered.*

---

7. *See* note 1 *supra.* ASB argues that the documents would have been useful only to impeach the testimony of ASB officials and the value of ASB exhibits, Brief for Appellee ASB at 11, but we need not decide that question here.

8. The award of costs, of course is allowed to the prevailing party pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. §§ 1920–1923. We do not disturb the award of costs consistent with those sections. *See Alyeska Pipeline*, 421 U.S. at 255–56, 95 S.Ct. at 1620–21.