**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Louis Paul ROTHSEIDEN, August Goncalves, Defendants-Appellees.**

No. 82–5513.

United States Court of Appeals, Eleventh Circuit.

July 6, 1982.

Stanley Marcus, U. S. Atty., Miami, Fla., Lurana S. Snow, Asst. U. S. Atty., Fort Lauderdale, Fla., for plaintiff-appellant.

Stephen J. Kogan, Miami, Fla., for defendant-appellee Rothseiden.

Alan E. Weinstein, Richard J. Preira, Miami Beach, Fla., for defendant-appellee Goncalves.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Appellees move to dismiss this appeal for failure of the United States to file a proper notice of appeal. We remand to the district court for it to determine whether there was excusable neglect in the government's failure to timely file a notice of appeal.

The United States brought criminal charges against four defendants in the Southern District of Florida. In an order entered January 21, 1982, the district court dismissed the indictments with prejudice against defendants Goncalves and Rothseiden, appellees here, for Speedy Trial Act violations. On February 3, 1982 the government filed a motion to reconsider these two dismissals. The court denied this motion in an order entered February 26, 1982, and at the same time dismissed with prejudice the indictments against the remaining two defendants (Patasnik and Godbey, not parties to this appeal), also for Speedy Trial Act violations. Without any further motions being filed, the court entered a second order on March 24, 1982, denying "the United States of America's Motion to Reconsider Order of Dismissal with prejudice." This order does not indicate to which set of defendants (Rothseiden/Goncalves or Patasnik/Godbey) it is related. The government then filed its notice of appeal on April 5, 1982, from the March 24 order, asserting that this order was a denial of the government's motion to reconsider the dismissals against Rothseiden and Goncalves.

■ Appellees maintain first that the March 24 order from which the government appealed did not relate to them, and therefore the case should be dismissed. Although the scope of the March 24 order is unclear from its face, it could only relate to Rothseiden and Goncalves because they were the only two defendants against

whom the government moved to reconsider an order of dismissal. The government filed no motion for reconsideration of the Patasnik/Godbey dismissal.[1] Even if there were some uncertainty as to the scope of the March 24 order, the government made clear in its notice of appeal that it intended to appeal from the dismissal of the indictment with prejudice with respect to defendants Rothseiden and Goncalves. Therefore, because the notice of appeal did not mislead or cause prejudice, we overlook any failure to designate properly the order appealed. *Smith v. Atlas Off-Shore Boat Service, Inc.,* 653 F.2d 1057, 1059 n.1 (5th Cir. 1981); *Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734, 738–39 n.1 (5th Cir. 1980); 9 J. Moore, *Federal Practice* ¶ 203.18.

Appellees' second contention is that the notice of appeal was untimely. The government's notice of appeal was filed 12 days after the second denial of its motion to reconsider but 38 days after the first denial, and 61 days after the original dismissal of the indictment.

Several authorities govern the timeliness of the government's notice of appeal in a criminal case. 18 U.S.C. § 3731 provides that the government has 30 days to appeal the dismissal of an indictment.[2] Rule 4(b) of the Federal Rules of Appellate Procedure provides that this period begins to run from the entry in the criminal docket of the judgment or order appealed from (as opposed to running from the rendition of the judgment or order). The Supreme Court has ruled that a timely post-judgment motion for reconsideration will toll the running of the 30-day period, and that the period will run anew from the disposal of any such motion. *U. S. v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976). *See U. S. v. Healy,* 376 U.S. 75, 78, 84 S.Ct. 553, 555, 11 L.Ed.2d 527 (1964).

1. The district court's redundant denial of the government's motion to reconsider is explained by the fact that the government was unaware of the first denial (whether or not through its own fault may be determined on remand; see *infra*), and therefore the government submitted the second order for the court's signature.

2. Section 3731 reads in part:
In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment....
The appeal in all such cases shall be taken within thirty days ....

Applying these initial authorities, the 30-day period for the government to file its notice of appeal began to run February 26, when the district court's order denying the government's motion to reconsider was entered. The April 5 filing was therefore untimely. The subsequent denial of the same motion could not restart the running of the period, for such successive tolling of the appeal period is not allowed. *Dixie Sand and Gravel Co. v. Tennessee Valley Authority*, 631 F.2d 73, 74–75 (5th Cir. 1981).

The government contends that its failure to file a timely notice of appeal is excusable because it was unaware of the February 26 order that restarted the running of the 30-day period. FRAP 4(b) allows the district court to extend the time for filing a notice of appeal up to 30 days upon a showing of excusable neglect. This provision by its terms applies to both appeals by the defendant and the government. The practice under FRAP 4(b) is that if the untimely notice of appeal is filed within the extended 30-day period, then we will consider the filing as a motion made to the district court for extension of time for excusable neglect. Therefore, we order a limited remand to the district court to make any necessary findings and to exercise its discretion as to whether it should grant an extension, *see, e.g., U. S. v. Shillingford*, 568 F.2d 1106, 1107 (5th Cir. 1978); *Government of the Canal Zone v. McClelland*, 506 F.2d 433, 434 (5th Cir. 1974). The district court shall file with this court a supplemental record covering the proceedings on limited remand. No new notice of appeal need be filed.

This case is REMANDED to the district court for further proceedings consistent with this opinion.