**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert James MARSH,
Defendant-Appellant.**

**No. 82–1437.**

United States Court of Appeals,
Tenth Circuit.

Feb. .28, 1983.

James F. Blackmer, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., Albuquerque, N.M., with him on brief), for plaintiff-appellee.

Michael E. Vigil, Marchiondo & Berry, P.A., Albuquerque, N.M., for defendant-appellant.

Before DOYLE and McKAY, Circuit Judges, and BROWN, Senior District Judge.[*]

WILLIAM E. DOYLE, Circuit Judge.

The question presented is a threshold one. It is whether or not this court has jurisdiction to hear and determine the case, in view of an alleged insufficiency arising under Rule 4(b) of the Federal Rules of Appellate Procedure. The appellant James Marsh was found guilty by a jury in a case in which the charge was conspiracy to import marijuana. Judgment and sentence was entered on December 10, 1981.

Marsh filed a motion for an extension of time in which to file a notice of appeal on December 18, 1981. This was pursuant to Rule 4(b), Federal Rules of Appellate Procedure, asking for a period not to exceed thirty days from the time a motion for a new trial is denied, assuming there has been a denial. The good cause required by the rule, which was set forth in the motion in support of the request for the extension was this; that only two days prior to the time the notice of appeal must be filed, Marsh acquired the name of a witness whom he thought might provide exculpating testimony on Marsh's behalf. Based on that showing the trial court granted the extension of time on December 18, 1981, that is, the same day that the request had been made. On December 21, 1981, Marsh filed a motion for a new trial based upon newly discovered evidence. This motion was denied on February 17, 1982. The district court in its memorandum opinion determined that Marsh had not exercised reasonable diligence in his efforts to locate the witness. The name and address of the witness had been disclosed by the United States at a pretrial *in camera* meeting of which Marsh's counsel had been notified.

But Marsh's counsel did not attend this meeting and Marsh never renewed his request that the United States disclose the whereabouts of the witness until two days before the notice of appeal had to be filed. The district court also stated that Marsh had not demonstrated that the witness's testimony would be exculpatory. The court concluded that the witness's sister informed the United States that the testimony would incriminate Marsh, and Marsh neither alleged nor offered evidence to the contrary.

The matter of importance is the February 22, 1982 motion on behalf of Marsh seeking reconsideration of the trial court's order denying the motion for a new trial. The claim was that this motion would toll the

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the Dis-
trict of Kansas, sitting by designation.

time for filing the notice of appeal. In the motion for reconsideration, Marsh stated that the witness had been notified, and that the counsel for Marsh believed that the witness would, in fact, produce exculpatory evidence material to issues in the case which could produce an acquittal before the jury.

On March 23, 1982, Marsh submitted to the court additional information in support of his motion for reconsideration of the denial of his motion for a new trial. This information consisted of a statement that since the witness was a paraplegic, and had recently been ill, it would take time to interview him. The request also stated that the witness had been provided a copy of the trial transcript and would read it. Marsh concluded that the witness intended to appear and give testimony in support of Marsh's motion for a new trial. However, on March 29, 1982, the trial court denied Marsh's motion for reconsideration of the prior order entered denying his motion for his new trial. On April 6, 1982, Marsh filed his notice of appeal. A summary of the various dates and the occurrences is set forth in the footnote below.[1]

As mentioned above, the governing rule is 4(b) of the Federal Rules of Appellate Procedure. The question is whether under that rule the motion for reconsideration of the trial court's order denying the new trial tolled the time notice of appeal of the original judgment and sentence should have been filed.

It is the contention of Marsh that inasmuch as his motion for reconsideration was filed within the period allowed for filing notice of appeal, the time for filing notice of appeal was tolled until the motion for reconsideration was ruled upon. Marsh relies on *U.S. v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) and *U.S. v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), *per curiam.* It is true that the Supreme Court in both *Healy* and *Dieter* applied the rule to motions for rehearing. Marsh argues that his motion for reconsideration is, in effect, a motion for rehearing.

The difficulty is that this argument closes its eyes to the fact that in this case a motion for a new trial was filed before the motion for reconsideration was filed, and a motion for a new trial is nothing more than a motion for rehearing, and inasmuch as there is not entitlement to two hearings the motion for reconsideration was denied. This motion is like a rehearing for reconsideration. Thus, it might, in some circumstances, be the same as a motion for rehearing. But it is not valid here. Marsh is not entitled to two bites, so to speak. In other words, he is not entitled to two motions for rehearing, and that is what, in substance, is sought. First he files the motion for new trial, then he files a motion for rehearing of what was in essence a prior motion for rehearing. The Federal Rules of Appellate Procedure, 4(b), govern the time aspects of appealing in criminal cases. It provides, in pertinent part:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of

1. 

| November | 4, 1981 | Jury finds Marsh guilty of conspiracy |
|---|---|---|
| December | 10, 1981 | Judgment and sentence entered by trial court |
| December | 18, 1981 | Motion by Marsh for extension of time to file notice of appeal |
| | | Order that Marsh is granted motion for extension of time, if motion for new trial is denied |
| December | 21, 1981 | Marsh filed motion for new trial based on newly discovered evidence |
| February | 17, 1982 | Motion for new trial denied |
| February | 22, 1982 | Motion by Marsh for reconsideration of February 17, 1982 ruling of trial court |
| March 29, 1982 | | Motion for reconsideration denied |
| April 6, 1982 | | Notice of appeal filed by Marsh |

the judgment or order appealed from * *. If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of the judgment. * * * Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

From a reading of Rule 4(b), it is apparent that it gives no comfort either directly or indirectly. The rule is limited to procedure for an extension of time if a motion for a new trial or a motion in arrest of judgment is made. No mention is made of whether a motion for reconsideration of a denial of a new trial motion would similarly toll the running of the notice time until the trial court decides the reconsideration motion. This is not surprising; procedural steps have to come to a close at some time. To continue to grant 30 days extensions would postpone indefinitely the final disposition. The defendant here gained extra time for filing a notice of appeal as provided in the rule based upon excusable neglect; in addition he then obtained an additional extension of time by filing the motion for a new trial. After that, he maintains that he was entitled to and obtained 30 days in addition by filing a motion to reconsider. We reject that argument. The rule contains the procedure for an extension of time if a motion for new trial or a motion in arrest of judgment is made. But no provision is made for additional reconsideration. There has been a sufficiency of delay. *Healy* and *Dieter* are not in point. They arise under different facts. In *Healy*, the

ruling appealed from was the dismissal of the government's indictment, and so it was from a government standpoint. Only one rehearing was sought. *Dieter* challenged the same kind of order, that is, the dismissal of the indictment. In *Healy* the challenge to the trial court's decision was a petition for rehearing; in *Dieter* it was a simple motion to set aside the order of dismissal. That is in sharp contrast to our case in which the double effort was plain. *Healy* and *Dieter* were not seeking two rehearings.

In the case of *U.S. v. Rothseiden*, 680 F.2d 96 (11th Cir.1982), the trial court had dismissed the government's indictment against two defendants based upon Speedy Trial violations. The government promptly filed a motion to reconsider these two dismissals. This the trial court denied. Without any further motions being filed the trial court entered a second order denying " 'the United States of America's motion to Reconsider Order of Dismissal with prejudice,' " 680 F.2d at 97, apparently quoting from the trial court's second order. After this second denial, the government filed its notice of appeal from the second order. Appellee-defendants argued that the notice of appeal was untimely. The notice of appeal was filed twelve days after the second denial of its motion to reconsider but thirty-eight days after the first denial and sixty-one days after the original dismissal of the indictment. Applying Rule 4(b) and other authorities, the Eleventh Circuit found that the notice of appeal was untimely, stating that "[t]he subsequent denial of the same motion could not restart the running of the period, for such successive tolling of the appeal period is not allowed." 680 F.2d at 98, *citation omitted.*

The facts in *Rothseiden* are not identical to the Marsh facts. In *Rothseiden* the government had not filed a second motion to reconsider; the court acted on its own in denying the reconsideration a second time. But if Marsh's second motion is characterized as merely asking the district court to

again reassess its motion for new trial, the language quoted from *Rothseiden* supports the finding here of no timely notice of appeal, since the time would be calculated here from February 17, 1982, the date the trial judge denied the motion for new trial.

In *U.S. v. Quon,* 241 F.2d 161 (2d Cir. 1957), the defendant filed a motion for modification of sentence that he had received after pleading guilty to two counts of substantive violations of the narcotics laws and conspiracy to violate them. The motion was denied and the defendant filed a notice of appeal which was discontinued as being too late. Again he moved for a modification of the sentence. This motion was again denied and a timely appeal was taken from the second order. The court stated that "[t]he denial of a motion for reargument does not extend the time for appealing the original order." 241 F.2d at 163, *citation omitted.* The appellant in *Quon* did not claim that the court must review the denial of its first motion. This quoted language, however, is of some importance in the consideration of Marsh's situation. The *Quon* court accepted as an established principle that successive motions to allege the same error do not continue the clock running in order to file the notice of appeal. Thus, viewing Marsh's motion for reconsideration as one seeking reargument of the original motion for new trial it has to be concluded that the time to appeal the original trial court judgment is not to be extended.

Obviously *Quon* and *Rothseiden* are not identical to *Marsh.* They both set forth a clear policy that successive motions which raise the same matters will not toll the notice of appeal time. Marsh, in his second motion, asks the trial court to consider the fact that he had contacted the witness since his motion for new trial, but it is to be noted that Marsh had many opportunities to acquire this witness's name before and during the trial and he failed to take any pains to do so. There are indications in the record that this witness would not be coop-

erative in the defense of *Marsh.* There is no question that the failure to file a timely notice of appeal under Rule 37(a)(2), the predecessor to Rule 4(b), is jurisdictional, and thus, an appeal that is too late under the rule when it is filed must be dismissed. A motion for reargument, it was said in the case of *U.S. v. Rader,* 196 F.Supp. 841 (W.D. Ark.1961), cannot successfully be used to extend the time for an appeal. Cyclopedia of Federal Procedure, 3d. Ed., Vol. 12, § 51.122, p. 515. It is relative also to 9 Moore's Federal Practice, § 204.18, p. 129, *footnote omitted.* The author states on the cited page:

> It should also be noted that Rule 4(b) follows former Rule 37(a) of the Federal Rules of Criminal Procedure in providing that only a motion for a new trial or in arrest of judgment terminates the running of the time for appeal. Curiously, a motion for judgment of acquittal under Criminal Rule 29 does not terminate the time. Such a motion is the equivalent of a Civil Rule 50(b) motion for judgment, n.o.v., which *does* terminate the running of the time of appeal.

Citing *Perry v. United States,* 195 F.2d 37 (D.C.Cir.1952).

Professor Moore considers the applicability of the rule to civil cases in 9 Moore's Federal Practice § 204.12[1] at 4–69 as follows:

> [b]oth the text and purpose of Rule 4(a)(4) indicate that it is an original motion of the types specified [in the Rule] that postpones appeal until after disposition of the motion and the running of the time for appeal is not further extended by a motion to reconsider an order disposing of the motion * * *.

The reasoning behind the general rule is that the opposite interpretation would permit unlimited extensions of time to appeal. One party could theoretically postpone indefinitely the appeal of his adversary by filing motions for reconsideration, and the adverse party might die before having to pay off the judgment. Rule 4(a)(4) differs

from Rule 4(b) for our purposes, in that the former enumerates four motions which, if timely made, will toll the time for appeal until entry of the order denying the new trial or granting or denying any other such motion. The quoted language speaks to motions for reconsideration of the four enumerated ones. Rule 4(b) does not similarly enumerate motions and mentions only motions for new trial and motions in arrest of judgment. We will not say, however, that there is not some analogy here and cases which deal with the civil rule hold that motions to reconsider motions under the rule do not toll the time.[2] Any change in Rule 4(b) would have to originate in the Supreme Court. This court does not have the authority to make an adjustment of this magnitude.

A recent civil case which arose in the D.C. Circuit is *American Security Bank v. Harrison Realty,* 670 F.2d 317 (D.C.Cir.1982). A depository bank brought suit against the drawer of a check for funds erroneously disbursed on a check that was subsequently dishonored. The district judge entered judgment after a jury verdict in favor of the bank. Motions were made for judgment n.o.v., and a new trial. The judge denied both motions. The defendant then brought a motion for reconsideration and for a hearing to present new evidence. The motion asked the trial court, among other things, to reconsider the previous motions for a new trial. The trial judge denied the motion. One month later, and 58 days after the judgment was entered, the defendant filed a notice of appeal. The appellant argued that its motion for reconsideration of a motion for a new trial was akin to a motion for a new trial and would toll the time under 4(a)(4)(iv). The District of Columbia Circuit Court rejected the argument, and said:

[T]he case law in this and other circuits is emphatic that a motion to reconsider the denial of a motion for a new trial does not operate to toll the running of the appeal period. *E.g., Randolph v. Randolph,* 198 F.2d 956 (D.C.Cir.1952); *Wansor v. George Hantscho Co.,* 570 F.2d 1202, 1206 (5th Cir.1978). In *Randolph,* the court stated that

A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing or affect the finality of the judgment under [the predecessor to Rule 4]. 198 F.2d at 957 (quoting *Marten v. Hess,* 176 F.2d 834, 835 (6th Cir.1949). In *Wansor,* the Fifth Circuit updated this statement of the rule: "A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) does not again terminate the running of the time for appeal." 570 F.2d at 1206. *See* 9 C. Moore Fed. Practice § 73.09[4], at 3186.

670 F.2d at 320–321.

The court stated the reasoning behind this general rule was as follows:

The parties have no inherent right to toll the running of the appeal period following the entry of judgment, in the manner of coaches calling time outs in a football game. The purpose of tolling the appeal period is to relieve the parties of preparing their appeals when there is still a possibility that a new trial will be ordered, * * *.

670 F.2d at 321. In a later footnote the court points out that if appellant's argument were accepted, litigants would have undue advantage who ascertain that a new trial would be unlikely before entry of judgment. A motion for reconsideration of

**2.** *American Security Bank v. Harrison Realty,* 670 F.2d 317 (D.C.Cir.1982); *Needham v. White Laboratories, Inc.,* 639 F.2d 394 (7th Cir. 1981), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981); *Wansor v. Hantscho,* 570 F.2d 1202 (5th Cir.1978), *cert. denied,* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344; *Equal Employment Opportunity Commission v. Central Motor Lines,* 537 F.2d 1162 (4th Cir.1976); *Dockery v. Travelers Company of Hartford,* 349 F.2d 1017 (5th Cir.1965); *Yates v. Behrend,* 280 F.2d 64 (D.C.Cir.1960); *Randolph v. Randolph,* 198 F.2d 956 (D.C.Cir.1952); *Marten v. Hess,* 176 F.2d 834 (6th Cir.1949).

the motion for new trial would give them an extra month to prepare an appeal.

The case of *American Security Bank* is very similar to *Marsh* in a procedural way. Its reasoning in rejecting the tolling theory which Marsh advocates is sound. The difference is that *American Security Bank* is a civil case and *Marsh* is a criminal one, and each has its separate rule of appellate procedure. However, both rules are similar and in fact the criminal rule for time for appeal appears more strict.

In Professor Moore's treatise, it is stated that there was in the past authority for the proposition that under a former rule of civil procedure, Civil Rule 73(a), a motion to reconsider an order denying a new trial terminated the running of appeal time when the motion for a new trial was denied immediately and the motion to reconsider was made within the ten days allowed under Rule 59(d). 9 Moore's Federal Practice § 204.12[1] at 4–68. *Kelly v. Pennsylvania Railroad Co.,* 228 F.2d 727 (3d Cir.1955), *cert. denied,* 351 U.S. 925, 76 S.Ct. 782, 100 L.Ed. 1455 (1956); *Hicklin v. Edwards,* 222 F.2d 921 (8th Cir.1955).

*Kelly* outlines the policy for holding that a motion for a reargument of a new trial motion tolls the notice of appeal time. The divided court reasoned that once the trial court has accepted the reargument motion and reviews the denial of the new trial, this revived pendency of the original motion operates again to terminate the running of the time for appeal until such time as the court denies the motion, if it is in fact denied. All of this, the court reasoned, is true, since if reargument is granted, the original motion is heard anew upon the original papers as if it had never been heard or determined. The Third Circuit, therefore, placed major emphasis on whether the reargument is accepted by the trial court. If it is, the original motion is reopened; if the reargument motion is denied, time will begin to run.

There is a dissent by Chief Judge Biggs, who found the reasoning of the majority opinion one which begs the question. The dissent stated that the petition for reargument is not to be regarded as a motion for new trial or the renewal of such a motion, but only as a request that the court reconsider its prior unfavorable action. 228 F.2d at 732. The majority position in *Kelly* appears to be a minority view.

We conclude that the answer to the question in the criminal law area under Rule 4(b) is not a clear one. Our position further, however, is that the strong policy and reasoning, particularly in the civil cases, are for not allowing this type of motion to further toll the notice of appeal time. Moreover we say that the counsel for Marsh had plenty of opportunity to file a notice of appeal timely, and still exhaust all possibilities in the district court. We recognize that there are some situations where it can be said that receiving the reconsideration motion reopens the case and the appeal time is tolled. However, this is not an accepted viewpoint in the Rule 4(b) context. We are unaware of any basis which suggests that this court has authority to extend the rule. We conclude, then, that the *Marsh* appeal cannot be carried out inasmuch as there is a lack of jurisdiction which would justify processing it.

The judgment of the district court is affirmed.