46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roy GLOVER, Defendant-Appellant.
 Nos. 93-5184, 93-5276 and 93-5280.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 1
 Before HENRY and MCKAY, Circuit Judges, and SAFFELS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 SAFFELS, Senior District Judge
 
 3
 Roy Glover appeals from the order of the District Court denying his motion for a new trial based on newly discovered evidence. The United States filed a motion to strike the appeal claiming the notice of appeal was not timely filed.
 
 
 4
 The question before this court is whether we have jurisdiction to hear and decide this case in view of an alleged insufficiency arising under Rule 4(b) of the Federal Rules of Appellate Procedure.
 
 
 5
 Because the filing of the notice of appeal in criminal cases is mandatory and jurisdictional, we first address that issue. For the reasons set forth below, we hold that the notice of appeal was untimely filed and that we lack jurisdiction to address the merits of Mr. Glover's claims.[1]
 
 BACKGROUND
 
 6
 Roy Glover, despite his plea of not guilty, was convicted by a jury on September 24, 1991, inter alia, of conspiracy to manufacture, possess, and distribute methamphetamine, 21 U.S.C. Secs. 846, 841(a) and 841(b)(1)(A)(viii). On December 11, 1991, Mr. Glover was sentenced to 235 months imprisonment.
 
 
 7
 On December 23, 1991, Mr. Glover filed a notice of appeal. On July 2, 1992, he filed a motion for new trial based on newly discovered evidence and pursuant to Rule 33 of the Federal Rules of Criminal Procedure.
 
 
 8
 On July 5, 1992, Mr. Glover filed a motion to defer his direct appeal. Said motion was denied by order of this court on July 15, 1992. On July 23, 1992, Mr. Glover filed an amended motion for a new trial. The district court, on December 7, 1992, ordered the new trial motion held in abeyance pending the outcome of Mr. Glover's direct appeal.
 
 
 9
 On February 16, 1993, this court affirmed Mr. Glover's conviction and denied his motion for rehearing on April 13, 1993. Subsequently, on July 19, 1993, the district court denied Mr. Glover's motion for new trial.
 
 
 10
 The order to which Mr. Glover takes exception is the July 19, 1993, order of the district court denying his motion for a new trial based on newly discovered evidence. On August 2, 1993, Mr. Glover filed a motion for reconsideration of the July 19, 1993 denial. On August 18, 1993, he filed a notice of intent to appeal.
 
 
 11
 On November 9, 1993, the district court denied Mr. Glover's motion for reconsideration. Mr. Glover filed notices of appeal on November 18, 1993, and December 9, 1993.
 
 INTRODUCTION
 
 12
 Mr. Glover claims that his appeal was timely because the motion for reconsideration of the court's denial of his motion for a new trial based on newly discovered evidence tolled the time for filing his notice of appeal. The linchpin of his argument is that the Federal Rules of Civil Procedure, specifically, Fed.R.Civ.P. 59 are applicable to his case.
 
 
 13
 The government counters that the applicable rules are the Federal Rules of Appellate Procedure, specifically Fed.R.App.P. 4(b).
 
 I. Civil Rules
 Fed.R.Civ.P. 59(e) provides:
 
 14
 A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
 
 
 15
 Fed.R.App.P. 4(a)(4) provides in relevant part:
 
 
 16
 (a) Appeal in a Civil Case.
 
 
 17
 (1) Except as provided in paragraph (a)(4) of this rule, in a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.
 
 
 18
 (4) If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
 
 
 19
 (C) to alter or amend the judgment under Rule 59;
 
 
 20
 Mr. Glover argues that his situation is more civil than criminal and that the civil time requirements should apply. Under Mr. Glover's analysis, this would make his notice of appeal timely because it was filed within 30 days of the district court's order denying the motion for reconsideration. "See Fed.R.App.P. 4(a)."
 
 
 21
 In his brief, he contends that the Federal Rules of Criminal Procedure Rule 33, and Fed.R.App.P. 4(b) apply to the criminal prosecution. He then attempts to distinguish his motion for a new trial from this criminal prosecution by analogizing it to a petition for writ of habeas corpus, 28 U.S.C. Sec. 2254 or to a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255.
 
 
 22
 Mr. Glover's entire argument is precariously balanced on this court's acceptance that civil rules apply in criminal cases after the direct appeal process is complete.
 
 II. Criminal Rules
 
 23
 The government's position is that Mr. Glover did not file a timely motion for reconsideration or a timely notice of appeal pursuant to Fed.R.App.P. 4(b).
 
 
 24
 Fed.R.App.P. 4(b) provides in relevant part:
 
 
 25
 (b) Appeal in a Criminal Case. In a criminal case, a defendant shall file a notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government.... If a defendant makes a timely motion specified immediately below, in accordance with the Federal Rules of Criminal Procedure, an appeal from a judgment of conviction must be taken within 10 days after the entry of the order disposing of the last such motion outstanding, or within 10 days after the entry of the judgment of conviction, whichever is later. This provision applies to a timely motion:
 
 
 26
 (1) for judgment of acquittal;
 
 
 27
 (2) for arrest of judgment;
 
 
 28
 (3) for a new trial on any ground other than newly discovered evidence; or
 
 
 29
 (4) for a new trial based on the ground of newly discovered evidence if the motion is made before or within 10 days after the entry of judgment.
 
 
 30
 Fed.R.Crim.P. 33 provides in relevant part:
 
 
 31
 A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.
 
 
 32
 The government takes the position that Mr. Glover's case is criminal and must, therefore, follow the rules of criminal procedure. Because his motions were not timely filed, the notice of appeal is untimely and this court lacks jurisdiction to hear the appeal.
 
 DISCUSSION
 
 33
 The court finds, for the following reasons, that the government has the better side of this argument and holds that we do not have jurisdiction to hear the merits of Mr. Glover's claims.
 
 
 34
 A timely notice of appeal is mandatory and jurisdictional. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264 (1978); United States v. Kress, 944 F.2d 155 (3d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1163 (1992). United States v. Leonard, 937 F.2d 494 (10th Cir.1991).
 
 
 35
 First, the court determines that Rule 4(b) is the governing rule of this case. United States v. Marsh, 700 F.2d 1322 (10th Cir.1983); United States v. Jackson, 950 F.2d 633 (10th Cir.1991). The court finds no persuasive argument that the rules of criminal procedure suddenly are supplanted by rules of civil procedure at some point just when a defendant finds it advantageous to his position.
 
 
 36
 Second, the court finds that Mr. Glover did not file his notice of appeal from the district court's denial of his motion for new trial within the ten days required by the rules. Mr. Glover had until Thursday, July 29, 1993, to file a timely notice of appeal. This he did not do, but rather filed it 14 days later on August 2, 1993.[2]
 
 
 37
 Finally, our holding in Marsh, which we reiterated in Jackson, requires that we dismiss Mr. Glover's appeal. In Marsh, the question before the court was whether under Rule 4(b) a motion for reconsideration of a trial court's order denying a motion for new trial based on newly discovered evidence tolled the time in which a notice of appeal of the original judgment and sentence should have been filed. 700 F.2d at 1324. In that case, the defendant argued that because his motion for reconsideration of the denial of his motion for new trial was filed within the period allowed for filing a notice of appeal, the time for filing the notice of appeal was tolled until the motion for reconsideration was ruled upon. Id. Marsh relied on United States v. Healy, 376 U.S. 75, 84 (1964) and United States v. Deiter, 429 U.S. 6 (1976) for the proposition that a motion for rehearing tolls the time for filing notice of appeal.
 
 
 38
 We discounted that argument and noted that a motion for a new trial is in effect a motion for rehearing and that a subsequent motion for reconsideration is a successive motion which does not toll the time for filing notice of appeal. Id. at 1328. Because a motion for a new trial, itself a motion for reconsideration, tolls the time for filing notice of appeal, a motion for reconsideration of the denial of the new trial motion cannot also toll the time for notice of appeal or there could be unlimited extensions of time to appeal. Id.
 
 
 39
 Strong policy arguments favor finality and we also think fairness. As the court stated in American Security Bank v. Harrison Realty, 670 F.2d 317, 321 (D.C.Cir.1982), "The parties have no inherent right to toll the running of the appeal period following the entry of judgment, in the manner of coaches calling time outs in a football game. The purpose of tolling the appeal is to relieve the parties of preparing their appeals when there is still a possibility that a new trial will be ordered...." One chance for the district court to reconsider and grant a new trial should certainly toll the time for appeal. To allow successive reconsideration motions needlessly avoids finality and is unfair to opposing parties who wish to proceed to that finality.
 
 
 40
 The United States Supreme Court has left open the question we addressed in Marsh whether successive motions for reconsideration toll or do not toll the time for filing notice of appeal. United States v. Ibarra, 502 U.S. 1 (1991). We are persuaded, however, that the reasoning in American Security, and our own belief which we expressed in Marsh, is correct. A party is not entitled to two motions for rehearing and have those motions toll the time for notice of appeal. Marsh, 700 F.2d at 1324.
 
 
 41
 In the instant case, Mr. Glover filed his motion for new trial based on newly discovered evidence and received the benefit of full reconsideration by the district court. After fully deliberating the issues presented by the Mr. Glover, the court denied the motion. Mr. Glover then filed his motion for reconsideration of what was, in essence, a prior motion for reconsideration and now argues that the time for the notice of appeal was tolled in both instances. We do not agree.
 
 
 42
 Mr. Glover did not file a timely notice of appeal. The appeal cannot be carried out because there is a lack of jurisdiction with which to process it.
 
 
 43
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Mr. Glover makes several other arguments, which this panel has reviewed and has found to be without merit. Consequently, we do not specifically address them in this order and judgment
 
 
 [2]
 Mr. Glover cites U.S. v. Lucas, 597 F.2d 243 (10th Cir.1979), which held that the excusable neglect doctrine provides the opportunity, under proper circumstances, to extend appellate jurisdiction to appellants "who have tried, but technically failed, to comply with the requirements for filing a notice of appeal." However, Lucas also notes that most appellate procedural rules are simply and clearly written and litigants are expected to follow them. Furthermore, the excusable neglect doctrine does not generally apply to situations where there is a mistake in interpretation of the Rules of Appellate Procedure. See, e.g., United States v. Prairie Pharmacy, Inc., 921 F.2d 211 (9th Cir.1990)