**Gleb GLINKA, Plaintiff–Appellant,**

v.

**MAYTAG CORPORATION, Defendant–Appellee.**

**No. 1692, Docket 95–7981.**

United States Court of Appeals, Second Circuit.

Submitted June 12, 1996.

Decided July 24, 1996.

Charity A. Downs, Middlebury, VT, for plaintiff-appellant.

Susan J. Flynn, Dinse, Erdmann, Knapp & McAndrew, P.C., Burlington, VT, for defendant-appellee.

Before: LUMBARD, ALTIMARI, and WALKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff-appellant Gleb Glinka ("Glinka") appeals from a judgment of the United States District Court for the District of Vermont (Gagliardi, J.), after a jury trial, finding for defendant-appellee Maytag Corporation ("Maytag"). Upon entry of judgment, Glinka filed a timely motion for a new trial, which was denied. Thereafter, Glinka filed a motion for reconsideration, which was also denied. Glinka now seeks to appeal the underlying jury verdict. We do not reach the merits of Glinka's arguments, however, because his notice of appeal was not timely filed and, accordingly, we lack jurisdiction to hear the appeal.

## BACKGROUND

Glinka brought suit against Maytag, alleging that a malfunctioning dryer it had manufactured caused a fire in his home on November 8, 1990. The matter was tried before a jury and judgment was entered for Maytag on June 8, 1995.

On June 21, 1995, Glinka timely moved for a new trial pursuant to Fed.R.Civ.P. 59. In his motion, Glinka asserted three grounds for a new trial: (1) the trial was tainted by unfair surprise relating to undisclosed evidence of a test conducted by Maytag's expert; (2) Maytag wrongfully implicated Glinka's insurance coverage by calling Glinka's insurance adjuster as a witness; and (3) Maytag's counsel caused undue prejudice through significant misconduct during the proceedings. The District Court denied Glinka's motion for a new trial on August 2. On August 15, Glinka moved for reconsideration of the denial of his motion for a new trial, pursuant to Fed.R.Civ.P. 59(e). By order dated September 18, that motion was also denied.

On September 27—nine days after the denial of his motion for reconsideration, but 51 days after the denial of his motion for a new trial—Glinka filed a notice of appeal. On appeal Glinka argues, as he did below, that the trial was tainted by surprise evidence and the implication of insurance. Despite Glinka's arguments, Maytag contends that we need not address the merits of Glinka's claims because he failed to file a timely notice of appeal.

## DISCUSSION

Fed.R.App.P. 4(a) requires notice of appeal to be filed within 30 days of the

entry of judgment. Compliance with this rule is "mandatory and jurisdictional" and failure to comply will necessarily result in dismissal. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (quotation omitted); *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). The period for giving notice can be extended, however, by the filing of one of the motions specified under Fed.R.App.P. 4(a)(4), such as a motion to alter or amend a judgment, or a motion for a new trial. If any such motion is filed, the 30–day notice period commences anew on the day that the motion is denied.

In the case at hand, Glinka's initial motion for a new trial properly tolled the filing period until the date upon which it was denied—August 2. Nevertheless, Glinka asserts that by filing a subsequent motion for reconsideration, the notice period once again tolled until the time at which it was denied—September 18. If Glinka is correct, then his notice of appeal was indeed timely filed on September 27, nine days after the denial of his motion for reconsideration.

 The question of whether a subsequent notice-tolling motion under Appellate Rule 4(a)(4) will again reset the filing date for notice of appeal is one of first impression in this Court. *Cf. United States v. Quon,* 241 F.2d 161, 163 (2d Cir.) (in criminal context, "denial of a motion for reargument does not extend the time for appealing from the original order"), *cert. denied,* 354 U.S. 913, 77 S.Ct. 1302, 1 L.Ed.2d 1431 (1957). It is, however, well established in other Circuits that "[a] motion to reconsider an order disposing of a [time tolling post-trial] motion of the kind enumerated in ... Rule 4(a)[ (4) ] does not again terminate the running of the time for appeal." *Dixie Sand & Gravel Co. v. Tennessee Valley Auth.,* 631 F.2d 73, 74 (5th Cir.1980) (quoting *Wansor v. George Hantscho Co.,* 570 F.2d 1202, 1206 (5th Cir. 1978)). *See In re Stangel,* 68 F.3d 857, 859 (5th Cir.1995) (per curiam); *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 390 (1st Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994); *Moody v. Pepsi–Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th

Cir.1990); *Stark v. Lambert,* 750 F.2d 45, 47 (8th Cir.1984) (per curiam); *United States v. Marsh,* 700 F.2d 1322, 1327–28 (10th Cir. 1983); *American Sec. Bank, N.A. v. John Y. Harrison Realty, Inc.,* 670 F.2d 317, 320 (D.C.Cir.1982); *Needham v. White Labs., Inc.,* 639 F.2d 394, 397 (7th Cir.), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981). We agree with our sister Circuits.

Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments. *See United States v. Helmsley,* 864 F.2d 266, 268 (2d Cir.1988) (finality is "an essential tool in the efficient administration of justice"), *cert. denied,* 490 U.S. 1065, 109 S.Ct. 2063, 104 L.Ed.2d 628 (1989); *American Sec. Bank,* 670 F.2d at 321 ("parties have no inherent right to toll the running of the appeal period ... in the manner of coaches calling time outs in a football game"). We will not create a rule that encourages the filing of motions merely to extend the notice-giving period; to do so would allow a party to extend the period for filing an appeal indefinitely. *See Dixie Sand & Gravel,* 631 F.2d at 75.

Because Glinka's notice of appeal was filed 51 days after the denial of his motion for a new trial, it was not timely filed. Accordingly, this Court does not have jurisdiction to hear Glinka's appeal.

## CONCLUSION

For the foregoing reasons, Glinka's appeal is dismissed for want of jurisdiction.