**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 94-10916
Summary Calendar
_____

IN RE: FRANK J. STANGEL,

                              Debtor.


FRANK J. STANGEL,

                              Appellant,

          VERSUS

UNITED STATES OF AMERICA,

                              Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:93 CV 2533 G)
_____

September 12, 1995

Before JOLLY, DAVIS, and EMILIO GARZA, Circuit Judges.

PER CURIAM:[1]

The central issue in this appeal is whether Stangel timely filed his notice of appeal from the bankruptcy court's final judgment and its orders denying his post-judgment motions for reconsideration. The district court dismissed Stangel's appeal in part and denied his remaining claims. We affirm.

I.

---

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

In September 1993, Frank J. Stangel filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Internal Revenue Service ("IRS") filed proofs of claims with the bankruptcy court totaling $81,896.78. Although Stangel did not specifically object to the IRS's claims, he submitted a proposed repayment plan that did not provide for the IRS's claims. The bankruptcy court subsequently rejected Stangel's plan on the grounds that it failed to provide for the IRS's claims. The court ordered Stangel to obtain a hearing on his objection to the IRS' claims within 60 days or face dismissal of his case. Stangel failed to request a hearing within 60 days and, on September 29, 1993, the bankruptcy court entered an order dismissing Stangel's case.

Stangel filed two post-judgment motions challenging the bankruptcy court's September 29th judgment. The bankruptcy court denied both motions. Stangel then filed a notice of appeal with the district court. The timeliness of Stangel's notice of appeal turns on the dates of his post-judgment motions and the bankruptcy court's orders denying the motions:

-- September 29th:    Bankruptcy court entered final judgment dismissing Stangel's case;

-- October 6th:    Stangel served his first post-judgment motion requesting the bankruptcy court to reconsider its September 29th judgment;

-- October 26th:    Bankruptcy court entered order denying Stangel's first motion;

-- November 3rd:    Stangel served his second post-judgment motion requesting the bankruptcy court to reconsider its October 26th order denying his first motion;

-- November 18th:    The bankruptcy court entered order

2

denying Stangel's second motion.

-- November 26th:      Stangel filed a notice of appeal with the district court.

The district court concluded that Stangel's notice of appeal was untimely with respect to the September 29th final judgment and the October 26th order denying his first motion, and dismissed this part of his appeal. The court then affirmed the bankruptcy court's November 18th order denying Stangel's second motion to reconsider. Stangel timely appealed.

## II.

## A.

Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal in a bankruptcy proceeding must be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." However, Rule 8002(b) provides:

> If a timely motion is filed by any party: (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (2) under Rule 9023 to alter or amend the judgment; or (3) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Stangel contends his two motions for reconsideration tolled the appeals period under Rule 8002(b) until the bankruptcy court denied his second motion on November 18th. He contends that his notice of appeal was therefore timely because it was filed within 10 days of the court's order denying the second motion. Although the government agrees that Stangel's first motion for reconsideration tolled the appeals period, it contends that successive motions for reconsideration do not toll the appeal period under Rule 8002(b)

3

and, as a result, Stangel's notice of appeal was not timely because it was not filed within 10 days of the bankruptcy court's September 29th judgment or its October 26th order denying Stangel's first motion for reconsideration. However, the government concedes that Stangel's notice of appeal was timely with respect to the bankruptcy court's November 18th order denying his second motion.

Although there are no decisions in this circuit that directly address the effect of successive post-judgment motions under Rule 8002(b), several cases directly address the effect of successive motions under Federal Rule of Civil Procedure 4(a)(4). Because Rule 4(a)(4) directly tracks the language of Rule 8002(b), Courts typically look to decisions applying Rule 4(a) as a guide to applying Rule 8002. See In re Arrowhead Estates Development Co., 42 F.3d 1306, 1311 (9th Cir 1994)(quoting In re Brickyard, 735 F.2d 1154, 1156 (9th Cir. 1984)).

This court has previously held that successive Rule 59(e) motions for reconsideration or rehearing generally do not toll the appeals period under Rule 4(a)(4). In United States v. One 1988 Dodge Pickup, 959 F.2d 37, 39 (5th Cir. 1992), the court held that Rule 4(a)(4) "does not embrace a second Rule 59 motion that merely challenges the denial of the original Rule 59 motion." Similarly, in Charles L.M. v. Northeast Ind. Sch. Dist., 884 F.2d 869, 871 (5th Cir. 1989), the court held that a second motion for reconsideration did not toll the appeals period under Rule 4(a)(4) because "[t]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purposes of tolling the time for bringing an appeal." Although

4

Stangel's second post-judgment motion purportedly challenges the bankruptcy court's denial of his first motion, the motion merely repeats most of the arguments made in the first motion. Thus, Stangel's second motion is essentially a successive motion for reconsideration and, consequently, did not toll the appeals period under Rule 8002(b).[2] We therefore conclude that the district court did not err in dismissing Stangel's appeal of the bankruptcy court's final judgment and its October 26th order denying Stangel's first motion for reconsideration.[3]

B.

We also agree that the district court did not err in affirming the bankruptcy court's denial of Stangel's second motion for reconsideration. Although motions for reconsideration or rehearing are typically treated as Rule 59(e) motions, motions for reconsideration or rehearing served more than 10 days after the judgment are generally decided under Rule 60(b). Harcon Barge Co., 784 F.2d at 669. Rule 60(b) provides for relief from a final judgment under the following circumstances:

---

[2]  Bankruptcy Rule 9023 provides that "Rule 59 F.R. Civ. P. applies in bankruptcy cases under the [Bankruptcy] Code." A post-judgment motion for reconsideration or rehearing is generally considered a Rule 59(e) motion to alter or amend if it challenges the correctness of the judgment. See Edward H Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993).

[3]  The only distinguishing factor in this case is that a Rule 59(e) motion served more than 10 days after the final judgment is usually considered under Rule 60(b). See Harcon Barge Co. v. D&G Boat Rentals, Inc., 784 F.2d 665, 669 (5th Cir. 1986). However, because Stangel's second motion essentially relitigates the merits of his earlier Rule 59(e) motion for reconsideration, we are convinced that the rationale for limiting the tolling effect of successive Rule 59(e) motions applies with equal force to the present case.

5

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) Fraud, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; or
>
> (6) any other reason justifying relief from the operation of the judgment.

The bankruptcy court's denial of a Rule 60(b) motion is reviewable under an abuse of discretion standard. See Williams v. Brown & Root, Inc., 828 F.2d 325, 328 (5th Cir. 1987).

Stangel's second motion fails to raise any of Rule 60(b)'s grounds for relief from the bankruptcy court's judgment. Rather, he merely repeats the arguments he made in his first motion for reconsideration. Denial of a Rule 60(b) motion that does not raise any of the grounds for relief cognizable under that rule, but which essentially repeats the arguments of a prior motion for reconsideration, is generally not an abuse of discretion. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199 (5th Cir. 1993); Colley v. National Bank of Texas, 814 F.2d 1008, 1010 (5th Cir. 1993). We therefore conclude that the district court did not err in affirming the bankruptcy court's November 18th order denying Stangel's second motion for reconsideration.

AFFIRMED.