**In re John Marion BREWSTER and Karen Ann Brewster, Debtors.**

**National Loan Investors, L.P., Appellant,**

**v.**

**John Marion Brewster and Karen Ann Brewster, Appellees.**

**BAP No. CC–99–1346–PMaMe.**

**Bankruptcy No. SA 98–14863–LR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 17, 1999.

Decided Dec. 17, 1999.

**52**

Jeffrey C. Krause, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, for National Loan Investors, L.P.

William M. Burd, Burd & Naylor, Santa Ana, CA, for John and Karen Brewster.

Before: PERRIS, MARLAR and MEYERS, Bankruptcy Judges.

### *OPINION*

PERRIS, Bankruptcy Judge.

Secured creditor National Loan Investors, L.P. (NLI) appeals a bankruptcy court order confirming debtors John and Karen Brewster's (debtors) chapter 11[1] plan and an order denying NLI's motion to alter or vacate the confirmation order. The issues on appeal are the timeliness of the appeal and whether the bankruptcy court should have granted NLI a continuance to meet debtors' last-minute modifica-

---

1.  11 U.S.C. §§ 1101–1174.

tion of their plan.[2] We REVERSE the order confirming the plan and REMAND.

## FACTS

NLI holds three promissory notes secured by real property owned by debtors. The larger loan, for approximately $710,000, was originally secured by debtors' residence, which they valued at $475,000, and an automobile repair shop, which debtors valued at $900,000. The two smaller loans, which are treated as one in the plan, total approximately $300,000, and were originally secured by a parcel of vacant land that debtors valued at $1.2 million.

Debtors proposed a chapter 11 plan of reorganization in which the larger loan would be secured by the automobile repair shop and the smaller loan would be secured by the vacant lot. As a result of the plan, debtors' residence would no longer secure either loan. The plan proposed to pay the loans over 10 years at 7 percent interest.

NLI objected to confirmation of the plan. It argued, among other things, that debtors overstated the value of the automobile repair shop and that the interest rate proposed was inadequate. NLI submitted evidence from an appraiser that the value of the repair shop was $600,000 and that the appropriate interest rate was 10.75 percent.

Debtors did not file a modified plan. Instead, 10 days before the hearing on confirmation of the plan, they filed a reply to NLI's objection in which they proposed to modify their plan to switch the collateral for the loans so that the collateral for the small loan would secure the large loan and the property securing the large loan would instead secure the small loan. Thus, the $710,000 loan would be secured by the vacant lot, which they valued at $1.2 million, and the $300,000 loan would be secured by the repair shop, which they valued at $900,000 and NLI valued at $600,000. NLI received the reply six days before the confirmation hearing.

At the hearing on confirmation of the plan, NLI argued that it needed more time to address the value of the vacant lot and the appropriate interest rate on the loan, in light of the proposal to switch the collateral for the two loans. It asserted that it had no incentive to obtain an appraisal of the vacant lot when that lot was being used as collateral for a $300,000 loan, but it was concerned that the value might not be sufficient to secure the $710,000 loan.

The court noted that, even if the $1.2 million valuation of the vacant lot was in error by as much as a third, which was the difference between NLI's appraisal of the repair shop and debtors' valuation of it, the lot would still be worth $900,000[3] and would be sufficient security for the $710,000 loan. The court also was not persuaded by NLI's expert witness with regard to the interest rate, and concluded that debtors' oral offer to increase the interest rate from 7 percent to 7.5 percent was adequate to meet the requirements of 11 U.S.C. § 1129. The court found that the plan met the requirements of the Bankruptcy Code, and ruled that it would confirm the plan.

Debtors lodged an order confirming the plan. NLI filed an Objection to Entry of Confirmation Order and Formal Request for Evidentiary Hearing re Value of Collateral and Applicable Interest Rate. In that document, NLI did not object to the form of order, but instead argued that the court should reconsider the merits of its decision to confirm the plan. The court overruled the objection and entered the order confirming the plan.

---

**2.** NLI raises other issues, including the merits of the confirmation order and the court's denial of its motion to alter or amend the confirmation order. We do not reach those issues because of our determination that the court erred in failing to grant a continuance.

**3.** As NLI points out, the court's math was wrong. Reducing the $1.2 million value by a third would be $800,000.

Within 10 days of entry of the order, NLI filed a Motion to Alter or Vacate Order Confirming Chapter 11 Plan, pursuant to Fed.R.Bankr.P. 9023[4] and Fed.R.Civ.P. 59(e)[5] (Rule 59(e) motion). NLI again argued that the court should reconsider its decision to confirm the plan, and submitted declarations of experts valuing the vacant lot at $720,000 and opining that the appropriate interest rate for the loans was between 9.5 and 13.5 percent. The court denied the Rule 59(e) motion. NLI appeals both the order confirming the plan and the denial of the Rule 59(e) motion.

## ISSUES

1. Whether the notice of appeal is timely to appeal the Order Confirming Plan.

2. Whether the court abused its discretion in denying NLI a continuance.

## STANDARD OF REVIEW

■ A decision to grant or deny a continuance is within the sound discretion of the trial court and is reviewed for abuse of discretion. *Citicorp Real Estate, Inc. v. Smith,* 155 F.3d 1097, 1102 (9th Cir.1998). Whether a denial of a continuance constitutes an abuse of discretion depends on the facts of each case. *Martel v. County of Los Angeles,* 56 F.3d 993, 995 n. 3 (9th Cir.1995).

## DISCUSSION

1. *Timeliness*

NLI filed its notice of appeal within 10 days after the court ruled on NLI's Rule 59(e) motion, which was more than 10 days after the court entered the order confirming the plan. Debtors argue that the appeal of the order confirming the plan is not timely, because the notice of appeal was

4. Fed.R.Bankr.P. 9023 provides that Fed.R.Civ.P. 59 applies to bankruptcy cases.

5. Fed.R.Civ.P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

not filed within 10 days after entry of the confirmation order.

Fed.R.Bankr.P. 8002 provides, as relevant:

(a) The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. . . .

(b) If any party makes a timely motion of the type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: (1) to amend or make additional findings of fact under Rule 7052 . . .; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

In this case, the court announced at the confirmation hearing its decision to confirm debtors' chapter 11 plan. Pursuant to Local Bankruptcy Rule 9021–1(1)(a), debtors lodged with the court an order confirming the plan. As allowed under Local Bankruptcy Rule 9021–1(1)(d), NLI timely filed an objection to entry of the confirmation order.[6] NLI's "objection" did not challenge the form of the order but instead urged the court to reconsider the merits of its decision.

Debtors argue that the objection to the order, filed before the order was entered, was in reality a motion to alter or amend the judgment under Rule 59(e). According to debtors, the Rule 59(e) motion that was filed after the order was entered could not toll the time for appeal, because a second tolling motion does not stop the running of the time for appeal under Fed.R.Bankr.P. 8002. The notice of appeal,

6. Local Bankruptcy Rule 9021–1(1)(d) allows a party to file an objection "to the form of the document."

filed more than 10 days after entry of the confirmation order, was therefore untimely to appeal that order.

NLI argues that its Objection to Entry of Confirmation Order was not in fact a motion to alter or amend under Rule 59(e).[7] We need not address that argument because, even if the objection were considered to be a Rule 59(e) motion, the appeal of the confirmation order was timely.

Bankruptcy Rule 8002(b) by its terms provides that a timely Rule 59(e) motion tolls the time for appeal. It says that, if a party makes a timely Rule 59(e) motion, an appeal is timely if the notice of appeal is filed within 10 days of "the entry of the order disposing of the last such motion outstanding." Thus, the language of the rule itself contemplates that more than one such motion may be filed within 10 days after entry of judgment. The time for appeal runs from the date of the order disposing of the last timely motion.

Debtors argue that motions for reconsideration of the denial of a timely motion to reconsider the original judgment do not toll the time for appeal of the original judgment, citing *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir.1996) and *American Sec. Bank, N.A. v. John Y. Harrison Realty, Inc.*, 670 F.2d 317 (D.C.Cir.1982). Debtors are correct that the cases have consistently held that, when the court has ruled on a posttrial motion of the kind listed in Fed.R.Bankr.P. 8002(b), and the losing party files a second motion that seeks reconsideration of the denial of the first posttrial motion, the filing of the second motion does not toll the time for appeal of the original judgment. *E.g., Glinka; American Sec. Bank; In re Stangel,* 68 F.3d 857 (5th Cir.1995); *Swimmer v. I.R.S.,* 811 F.2d 1343 (9th Cir.1987). As the court explained in *Glinka,* "[a] motion

to reconsider an order disposing of a [time tolling post-trial motion of the kind enumerated in ... Rule 4(a)(4)][8] does not again terminate the running of the time for appeal." 90 F.3d at 74 (quoting *Dixie Sand & Gravel Co. v. Tennessee Valley Auth.,* 631 F.2d 73, 74 (5th Cir.1980)).

Those cases are distinguishable from this case, however. With one exception, in each of those cases, the second posttrial motion sought reconsideration of an earlier posttrial motion and was filed more than 10 days after the entry of the original judgment. The second posttrial motion therefore was not timely to toll the time for appealing the original judgment. In this case, in contrast, the second motion sought reconsideration of the original order, not of the denial of the first posttrial motion, and it was filed within 10 days after entry of the original order.

The one exception is *American Sec. Bank.* In that case, the first motion for new trial was filed after the jury had returned its verdict but before the judgment was entered, and the court denied that motion on the same day it entered judgment on the verdict. Within 10 days of entry of judgment, the defendant filed a second motion in which it sought, among other things, reconsideration of the denial of the previous motion for a new trial. The court held that the second motion did not suspend the running of the time for appeal. First, the court followed the general rule that "a motion to reconsider the denial of a motion for new trial does not operate to toll the running of the appeal period." 670 F.2d at 320. Second, it concluded that the second motion could not be characterized as a motion to alter or amend the judgment, which would toll the time for appeal. Instead, the motion sought to relieve the defendant of the final judgment, which was properly character-

---

7. The record suggests that the bankruptcy court overruled the Objection to Entry of Confirmation Order because the objection challenged the merits of the order rather than the accuracy of the order. *See* Transcript of June 28, 1999 Hearing on NLI's Motion for Stay Pending Appeal at 12–15.

8. Fed.R.App.P. 4(a)(4) is substantially similar to Fed.R.Bankr.P. 8002(b).

ized as a motion under Fed.R.Civ.P. 60(b), a motion that did not toll the time for appeal.

*American Sec. Bank* is distinguishable from this case. The second motion in this case sought relief from the original order, not from the denial of the first posttrial motion. In addition, in *American Sec. Bank,* the motion was characterized as one under Fed.R.Civ.P. 60(b). At the time the notice of appeal was filed in that case, Rule 60(b) motions did not extend the time for appeal.[9] In this case, the motion to alter or vacate is a Rule 59(e) motion, the timely filing of which tolls the time for appeal.

Both the cases and the commentators recognize that there is a difference between a second Rule 59(e) motion that is filed more than 10 days after entry of the judgment and one that is filed within the 10–day window. For example, in *Aybar v. Crispin–Reyes,* 118 F.3d 10, 14 (1st Cir. 1997), the court said:

> While an initial motion for reconsideration filed within ten days of the entry of the final judgment tolls the period in which a litigant must file a notice of appeal, a subsequent motion for reconsideration served[10] within ten days of the order denying the initial motion for reconsideration *but more than ten days after the entry of the original judgment* does not toll "the time for appealing from that judgment."

(Citations omitted; emphasis added) (quoting *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir.1994)). *Accord Wansor v. George Hantscho Co.,* 570 F.2d 1202, 1206 n. 5 (5th Cir.1978) (if second motion to reconsider had been filed within 10 days of entry of judgment, motion would have tolled time for appeal of original judgment); *Swimmer,* 811 F.2d at 1345 (Court of Appeals for the Ninth Circuit notes that second Rule 59(e) motion untimely because not filed within ten days

after judgment). A leading treatise on federal practice says that "a second Rule 59(e) motion, filed after denial of the initial motion *but more than 10 days after entry of judgment,* does not toll the time for appeal.". 12 James Moore, *Moore's Federal Practice* § 59.32[2] (3d ed.1999) (emphasis supplied).

■ Those authorities are consistent with the purpose of the rule tolling the time for appeal pending the outcome of a timely motion for reconsideration, which is "to relieve the parties of preparing their appeals when there is still a possibility that a new trial will be ordered. . . ." *American Sec. Bank,* 670 F.2d at 321. If a motion that challenges the merits of the original judgment and therefore constitutes a motion under Rule 59(e) is filed within 10 days after entry of the judgment, it would be a waste of judicial resources to require the party to file a notice of appeal when the " 'granting of a pending motion to reconsider might eliminate the need for an appeal.' " *In re Weston,* 41 F.3d 493, 495 (9th Cir.1994) (quoting *In re Branding Iron Steak House,* 536 F.2d 299, 301 (9th Cir.1976)).

■ NLI's second Rule 59(e) motion tolled the time for appeal of the order confirming plan because it sought to alter or vacate that order and was filed within 10 days of entry of the confirmation order. The notice of appeal, filed within 10 days after the denial of the Rule 59(e) motion, was timely to appeal the order confirming plan.

### 2. *Request for continuance*

NLI argues that the court erred in failing to grant its request for a continuance to obtain evidence to address debtors' last-minute modification of the plan. Debtors assert that NLI never asked for a continuance but that, even if it did, the court did

---

**9.** Fed.R.App.P. 4(a)(4) was amended in 1991 to provide that Rule 60 motions that are filed within 10 days after entry of the judgment toll the time for appeal.

**10.** Before 1995, a Rule 59 motion was required to be served within 10 days after entry of the judgment. That rule has since been changed to require filing within 10 days.

not abuse its discretion in denying the request.

During the confirmation hearing, counsel for NLI advised the court that it had received debtors' reply to its objection just six days before the hearing. According to counsel, NLI had not had an incentive to obtain valuation evidence on the vacant lot before it received debtors' reply, which proposed to modify the plan. Counsel said:

> At a bare minimum, certainly, my client should be able to address the newly proposed plan treatment by further proceeding.... I do think that, at a minimum, it does require further opportunity for my client to address that proposal.

Transcript of February 22, 1999 Confirmation Hearing at 18. NLI did not make a formal request for continuance, as required by Local Bankruptcy Rule 9013–1(6).[11]

■ NLI's request for additional time to address the proposed modification was sufficient to preserve the issue for appeal. Therefore, we will consider the court's refusal to grant the request.

■ The court declined to give NLI an opportunity to obtain evidence relating to the value of the vacant lot and the interest rate that would be appropriate based on the change in the collateral.[12] The judge noted her concern about NLI's lack of incentive under the original plan to obtain an appraisal for the vacant lot and recognized that, if the vacant lot was worth one-third less than the value debtor attributed to it, the amount of protection for the $710,000 loan would be reduced. Transcript of February 22, 1999 Confirmation Hearing at 27–29. The court did not refuse to give NLI more time to obtain

evidence because of its failure to comply with the local rule.

■ In reviewing a denial of a continuance, we consider four factors: (1) the extent of the appellant's diligence in efforts to be prepared for trial; (2) the likelihood that the need for a continuance would have been met if the continuance had been granted; (3) the extent to which a continuance would inconvenience the court and the opposing party; and (4) the amount of harm the appellant may have suffered as a result of the denial of the continuance. *United States v. Mejia,* 69 F.3d 309, 314 (9th Cir.1995).

■ In this case, the need for a continuance arose solely because of debtors' last-minute proposal to modify their chapter 11 plan. It was not a result of any lack of diligence on NLI's part in preparing for the hearing. If the continuance had been granted, NLI could have obtained valuation and interest rate evidence that would have addressed the proposed changes to the plan. There is no evidence that a short continuance would have been an inconvenience to the court or to debtors. If NLI obtained evidence showing that debtors' opinion of value of the vacant lot was incorrect, the court could have required debtors to make changes to their proposed plan or denied confirmation.

■ A party in interest is entitled to 20 days notice of "the time fixed to accept or reject a proposed modification of a plan[.]" Fed.R.Bankr.P. 2002(a)(5). NLI was given much less notice, and was never served with a proposed modified plan. NLI received, six days before the confirmation hearing, a reply that proposed a plan modification. That modification substantially changed NLI's treatment under the original plan. Where, as here, a party affected

---

11. That rule requires that requests for continuance be filed two days before the date of the hearing.

12. The court apparently considered the proposed plan modification to be nonmaterial. A proposal to substitute entirely new collateral

for a substantial secured claim is, at least with regard to the affected creditor, a material modification. *See In re Frontier Airlines, Inc.,* 93 B.R. 1014, 1023 (Bankr.D.Colo.1988); *American Solar King Corp.,* 90 B.R. 808 (Bankr.W.D.Tex.1988).

by a substantial modification of the plan is not given the notice required by the rules, the court should freely grant a request for continuance if doing so would allow the adversely affected party to fairly meet the proposed changes.

In light of all the factors, the court abused its discretion in denying NLI a continuance to allow it to obtain relevant evidence to meet the last-minute modifications of the proposed chapter 11 plan. Because we conclude that the bankruptcy court abused its discretion in refusing to grant a continuance, we need not address the other issues raised in NLI's appeal of the confirmation order or the appeal of the denial of the Rule 59(e) motion.

## CONCLUSION

The bankruptcy court abused its discretion in failing to grant NLI a continuance to obtain evidence of the value of the vacant lot and the appropriate rate of interest on its claims. Therefore, we REVERSE the order confirming the plan and REMAND.