IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51133
Summary Calendar

_____

OLIVERO GARCIA, JR., Individually and as next friends of Talissa
Marie Garcia, and Others, Minor Children; NOELA N. GONZALEZ-
GARCIA, Individually and as next friends of Talissa Marie Garcia,
and Others, Minor Children,

                                        Plaintiffs-Appellants,

versus

CITY OF SAN ANTONIO; ET AL.,

                                        Defendants,

CITY OF SAN ANTONIO,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-840-HG
---------------------
June 16, 2000

Before GARWOOD, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Olivero Garcia, Jr., and Noella N. Gonzalez Garcia,

individually and as next friends of Talissa Maria Garcia and

others, minor children, seek to appeal the district court'a grant

of summary judgment for the defendants in this 42 U.S.C. § 1983

action.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The City of San Antonio argues that the Garcias have failed to file a timely notice of appeal and requests this court to dismiss the appeal.  Because the Garcias' motion for new trial was filed within 10 business days of the entry of judgment, it was a Fed. R. Civ. P. 59(e) motion which suspended the time for filing a notice of appeal until the motion was denied.  See Fed. R. App. P. 4(a)(4)(A)(v); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986).  The district court denied the Rule 59(e) motion in an order entered on September 23, 1999.  The Garcias had thirty days from this date to file a notice of appeal from the final judgment.

Instead, they filed a second motion for reconsideration from the order denying the motion for new trial.  This motion was filed on September 30, 1999, within 10 days of the order denying the motion for new trial and is a Rule 59(e) motion from the order denying the first Rule 59(e) motion.  Fed. R. App. P. 4(a)(4) does not contemplate a Rule 59(e) motion that challenges the denial of an original Rule 59(e) motion.  In Re Stangel v. United States, 68 F.3d 857, 859 (5th Cir. 1995).  The district court denied this motion in an order entered on October 29, 1999.

The Garcias filed a notice of appeal on November 23, 1999, in which they stated that they sought to appeal the district court's order of October 28, 1999, denying the motion for reconsideration.  According to their notice of appeal, the Garcias are attempting to appeal from the district court's denial of their second post-judgment motion.  This motion challenging

the denial of the first Rule 59(e) motion is not a motion contemplated by the Federal Rules of Civil Procedure.  Stangel, 68 F.3d at 859.  It is not a proper Rule 59(e) motion and does not toll the period for appeal.  The underlying judgment is the district court's grant of summary judgment entered on September 7, 1999.  The Garcias filed an original Rule 59(e) motion from that judgment, which was denied by an order entered on September 23, 1999.  Thus, in order to timely appeal the underlying judgment, the Garcias had 30 days from September 23 to file a notice of appeal.  See Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(v).  The notice of appeal filed on November 23, 1999, is untimely.

We DISMISS the appeal for lack of appellate jurisdiction.