**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ila MINSON, Defendant–Appellant.**

**No. 01–4288.**

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2002.*

Decided June 28, 2002.

Rehearing Denied Aug. 19, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, KANNE, EVANS, Circuit Judges.

### ORDER

This is Ila Minson's second attempt to appeal from the district court's entry of a default judgment. On her first visit to this court, we rejected Minson's contentions that the default itself was erroneous and that her subsequent motions to set it aside were wrongly denied. *United States v. Minson*, No. 01–1360, 2001 WL 741731, 13 Fed.Appx. 416 (7th Cir. Jun. 29, 2001). Undeterred, Minson months later filed three additional post-judgment motions, which the district court collectively denied. She again appeals, and we affirm.

The United States initiated a collection action against Minson for unpaid student loans totaling over $16,000. After Minson failed to answer the complaint within the time allowed, the district court entered a default judgment. Minson tendered two post-judgment submissions, arguing that her failure to answer the suit was due to inclement weather and erratic courthouse hours, exacerbated by her pro se status. The district court construed her filings collectively as a motion to set aside the default judgment, and after concluding that Minson could not establish good cause for her default, the district court denied her request. Minson filed another motion for relief from judgment, which the district court denied for the reasons set forth in its previous order. Minson appealed, and we held that the district court did not abuse its discretion in entering the default judgment or in refusing to vacate that judgment in light of Minson's motions. *Minson*, 13 Fed.Appx. at 419.

Four months later Minson returned to the district court with two virtually identical motions. The first, ostensibly relying on 28 U.S.C. § 1655 and Federal Rules of Civil Procedure 59 and 60, requests reinstatement of the suit and accuses the government of having misled the court by not telling it that the lender breached the loan agreement. Minson asserts, for example, that the lender erroneously declared her to be in default even though she was still a student, failed to provide her a repayment schedule, and did not offer "clear notice" that it had sold or transferred her loan. The government's failure to disclose these facts, she maintains, adversely affected her substantial rights and constituted fraud on the court. Minson's second post-appeal motion repeats the same arguments but without the reference to 28 U.S.C. § 1655. Relying on claim preclusion, the district court denied Minson's motions, noting that her legal theories about the case could have been presented during the prior proceedings.

Claim preclusion, known formerly as res judicata, prohibits parties from relitigating issues that were or could have been raised in a previous action that resulted in a final judgment on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Here, however, the district court was not faced with a new action in which the parties were attempting to relitigate issues from a prior case. Instead, Minson's motions collaterally attacked the final judgment previously entered in that same action and so fell under the auspices of Rule 60(b). *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000). Moreover, her latest filings constitute successive Rule 60(b) motions because the second of her pre-appeal motions, filed more than 10 days after the default was entered, also sought relief from that judgment. *See id.* ("[W]e deem [the motion] a Rule 60(b)

440

motion because [it was] filed more than 10 days after the judgment.").

Rule 60(b) allows the district court to relieve a party from a judgment on the grounds of "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or 'any other reasons justifying relief from the operation of the judgment.'" *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000) (quoting Fed. R.Civ.P. 60(b)). We review a district court's denial of Rule 60(b) relief deferentially, and we will only reverse upon a finding that the district court abused its discretion. *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001). We also note that Rule 60(b) provides an extraordinary remedy to be used only in exceptional circumstances. *McCormick*, 230 F.3d at 327.

We can find no abuse of discretion in this case because Minson's motions do not identify grounds that would properly justify Rule 60(b) relief. The denial of a successive Rule 60(b) motion that merely offers facts that were available at the time of the earlier post-judgment motion is generally not an abuse of discretion. *Servants of the Paraclete v. Does I–XVI*, 204 F.3d 1005, 1012 (10th Cir.2000); *In re Stangel*, 68 F.3d 857, 859 (5th Cir.1995). Here all of the arguments Minson raises could have been raised in the prior proceeding, and she does not contend otherwise.

Accordingly, we AFFIRM the judgment of the district court.