**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41684
Summary Calendar

LORINE DANIELS,

Plaintiff-Appellant,

versus

BASF CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. G-02-CV0-683

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Lorine Daniels, pro se, appeals the district court's denial of her Rule 60(b) motion for relief from judgment. We affirm.

Daniels filed suit against her employer, BASF Corporation ("BASF"), alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. BASF filed a motion for summary judgment to which Daniels's counsel failed to respond. Accordingly, the district court granted BASF's motion and dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case on May 16, 2003.[1]  On September 15, 2003, Daniels filed a pro se motion for reconsideration, which the district court properly treated as a Rule 60(b) motion for relief from judgment. In re Stangel, 68 F.3d 857, 859 (5th Cir. 1995) (treating motion filed more then ten days post-judgment as Rule 60(b) motion).  The district court denied the motion, after again considering the merits of Daniels's claims, on November 17, 2003.  Daniels timely filed her notice of appeal from the denial of her motion for reconsideration.[2]

Daniels's brief to this court is devoid of legal argument and legal authority.  In place of a legal argument, Daniels simply states, "I do not understand this part; therefore, I do not have any information at this time."  It is well-settled in this circuit that arguments not briefed on appeal are waived.  United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir. 2000).  Daniels's pro se status cannot excuse her complete failure to provide this court with a legal argument.  See Kersh v. Derozier, 851 F.3d 1509, 1512 (noting that self-representation does not excuse a party's noncompliance with the relevant procedural and substantive rules).

---

[1]   BASF notes that the district judge considered the merits of Daniels's claim when ruling on the unopposed motion for summary judgment, although he was not required to do so.  See S.D. TEX. LOC. R. 7.4.

[2]   Daniels's December 12, 2003 notice of appeal refers only to the court's denial of her motion for reconsideration.  Even if Daniels intended to appeal the district court's grant of summary judgment in BASF's favor, her notice of appeal was filed well after the thirty-day deadline.  See FED. R. APP. P. 4(a)(1)(A).

(In any event, an independent review of the district court's denial of Daniels's Rule 60(b) motion reveals no reversible error.)

The judgment of the district court is **AFFIRMED**.