United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

—————————

No. 04-50576

(Summary Calendar)

—————————

VOJTECH HAIKL,

Plaintiff-Appellant,

versus

PHILLIPS SEMICONDUCTOR OF AMERICA, also known as Philips Semiconductors Incorporated,

Defendant-Appellee.

—————————————————————————————————

Appeal from the United States District Court
For the Western District of Texas
USDC No. 5:03-CV-7

—————————————————————————————————

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Vojtech Haikl, pro se, appeals the district court's denial of his Rule 60(b) motion

for relief from judgment. We AFFIRM.

_____

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Haikl filed suit against his employer, Philips Semiconductor of America ("Philips"), alleging discrimination based on his national origin in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*); age discrimination in violation of the Age Discrimination and Employment Act (29 U.S.C. §§ 621 *et seq.*); and that he was subjected to retaliation for reporting the alleged harassment and discrimination. Philips filed a summary judgment motion seeking to dismiss all of Haikl's claims after he failed to comply with the district court's order compelling his participation. The district court entered an Order and Advisory explaining the summary judgment procedures, obligation to respond, and granting an extension of time for Haikl to submit his response. On December 30, 2003 after Haikl failed to file a response, the district court dismissed his case with prejudice. Haikl filed a pro se motion for reconsideration, which the district court properly treated as a Rule 60(b) motion for relief from judgment. *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). The district court denied Haikl's motion, after again considering the merits of Haikl's claims, on May 7, 2004.

Haikl failed to file his appeal of the district court's order dismissing his discrimination claims within thirty days. Fed. R. App. P. 4(a). The filing of a Rule 60(b) motion, as Haikl did within 30 days of the district court's dismissal, does not toll the running of the time for taking an appeal. *See Stone v. INS*, 514 U.S. 386, 401 (1995). Therefore, Haikl can only appeal the district court's denial of his motion for reconsideration.

The district court's refusal to allow reconsideration of a final judgment pursuant to Rule 60(b) will be reversed only if the district court abused its discretion. *See Edward H. Bohlin Co., Inc. v. Banning*, 6 F.3d 350 357 (5th Cir. 1993). The district court did not abuse its discretion in denying Haikl's Rule 60(b) motion for relief from judgment as the record shows Haikl's continued disregard

and failure to comply with the discovery process and court orders that resulted in the dismissal of the case and therefore there is no reversible error.

The judgment of the district court is   AFFIRMED.