FILED
United States Court of Appeals
Tenth Circuit

June 12, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

SHERVIS R. SMITH,

      Petitioner,

v.

UNITED STATES DEPARTMENT
OF LABOR,

      Respondent.

No. 18-9547
(LABR No. 18-021)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Mr. Shervis R. Smith, a commercial truck driver, sued the

Department of Labor under the Surface Transportation Assistance Act,

49 U.S.C. § 31105. This statute protects employees from discrimination,

discipline, or termination for complaining about the need to drive vehicles

failing to meet safety standards. *Brock v. Roadway Express, Inc.*, 481 U.S.

---

[*]    Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

252, 258 (1987). Mr. Smith unsuccessfully complained to the Department of Labor and requested a hearing before an administrative law judge. Dissatisfied with the outcome, Mr. Smith appealed to the Department of Labor's Administrative Review Board, which ordered dismissal of the appeal. After the dismissal, he unsuccessfully filed two motions for reconsideration by the Board and ultimately brought this petition for judicial review. We lack jurisdiction, so we dismiss the petition.

I.     **Background**

In the administrative proceedings, the administrative law judge summarily dismissed the case (on 12/13/17) and notified Mr. Smith that he had fourteen days (until 12/27/17) to file a petition for review with the Administrative Review Board.

After the appeal period expired, Mr. Smith filed multiple documents with the Administrative Review Board (on 1/3/18). The Board construed these documents as a petition for review and ordered Mr. Smith to (1) serve the documents on his employers' attorneys, (2) supply proof of service, and (3) show cause why equitable tolling would apply. The Board cautioned Mr. Smith that failure to timely comply with these requirements could result in dismissal of his appeal. Despite the caution, Mr. Smith did not respond to the Board.

Over three weeks after its deadline expired, the Administrative Review Board dismissed the petition (on 2/21/18) for failing to comply

2

with procedural requirements. Mr. Smith moved to reconsider (on 2/25/18), arguing the merits of his whistleblower claim. The Administrative Review Board denied reconsideration (on 5/30/18), citing Mr. Smith's failure to address the issue of timeliness.

Mr. Smith again sought reconsideration (on 6/9/18), focusing again on the merits of his whistleblower claim. The Administrative Review Board again denied reconsideration (on 6/29/18) on the basis that Mr. Smith had not addressed the timeliness of his petition.

Mr. Smith then filed a petition for judicial review in our court (8/3/18), arguing the merits and stating that his time for appealing to the Administrative Review Board should not have begun until he received the administrative law judge's order.



But we cannot reach the merits of the petition for judicial review. Mr. Smith filed this petition too late to challenge the Board's dismissal and first denial of reconsideration, and the Board's second denial of reconsideration is unreviewable.

## II. Dismissal of the Administrative Appeal and Denial of the First Motion for Reconsideration

Mr. Smith seeks review of the Board's dismissal of his administrative appeal. We are not sure whether Mr. Smith is also challenging denial of his

3

first motion for reconsideration. Because Mr. Smith is acting pro se, we liberally construe the petition for judicial review to encompass the denial of his first motion for reconsideration. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). But we lack jurisdiction to consider the Board's dismissal and its first denial of reconsideration.

Mr. Smith would ordinarily have only 60 days (from issuance of the Board's order of dismissal) in which to file a petition for judicial review. 49 U.S.C. § 31105(d). The 60-day period for seeking judicial review is tolled, however, by a timely motion for reconsideration. *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 284 (1987). Once the motion for reconsideration is decided, the 60-day period resets and begins running. *See Saban v. U.S. Dep't of Labor*, 509 F.3d 376 (7th Cir. 2007) (concluding that a petition for judicial review was timely because it was filed within 60 days after the Administrative Review Board's denial of a first motion for reconsideration). But a second and successive motion to reconsider does not again toll the deadline to seek judicial review of the Board's order of dismissal or denial of the first motion to reconsider. *See United States v. Cos*, 498 F.3d 1115, 1135 (10th Cir. 2007) (stating that a second motion for reconsideration does not toll the deadline to appeal the judgment itself); *accord In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) (affirming the dismissal of an appeal of a

4

judgment and a denial of the first motion to reconsider because a second and successive motion to reconsider did not toll the appeal period).

Mr. Smith's petition for judicial review is untimely with respect to the Board's initial order of dismissal and its denial of the first motion for reconsideration. The Board dismissed Mr. Smith's appeal of the administrative law judge's dismissal on February 21, 2018. Mr. Smith sought reconsideration four days later, tolling the 60-day period in which to seek judicial review. But when the Administrative Review Board denied Mr. Smith's motion for reconsideration, a new 60-day period for judicial review began running. Mr. Smith's second motion for reconsideration did not toll that period, so the period for seeking judicial review expired on Monday, July 30, 2018.[1] Even though Mr. Smith filed a second motion for reconsideration, Mr. Smith did not file his petition for judicial review until August 3, 2018—four days after the 60-day period had expired. So with respect to the Board's dismissal and denial of the first motion for reconsideration, Mr. Smith's challenge is untimely, precluding appellate jurisdiction. *Council Tree Inv'rs, Inc. v. F.C.C.*, 739 F.3d 544, 551 (10th Cir. 2014).

---

[1] The fourth day fell on a Sunday. The deadline was thus the next business day (Monday, July 30, 2018). Fed. R. App. P. 26(a)(1)(C).

Mr. Smith alleges a delay in his receipt of the administrative law judge's dismissal order. Though the order was dated December 13, 2017, he contends that (1) he did not receive the order until after Christmas in 2017 and (2) it was unfair to start his 14-day deadline to seek administrative review until he had actually received the order. These contentions would not avoid the jurisdictional defect.

Regardless of when Mr. Smith received the dismissal order, he could have explained the delay to the Administrative Review Board when ordered to do so. But he didn't. His noncompliance with the order (not the delay in receiving the order) is what caused the dismissal, triggering the time-period to file a petition for judicial review.

That time period was suspended when Mr. Smith filed his first motion for reconsideration. But that time-period resumed when the Administrative Review Board denied reconsideration on May 30, 2018. At that point, Mr. Smith had only 60 days to file a petition for judicial review. *See* pp. 4–5, above. This period expired on July 30, 2018, four days before Mr. Smith filed a petition for judicial review. Thus, his petition for *judicial* review would have been untimely irrespective of any delay in his receipt of the administrative law judge's dismissal order.

III. **Denial of the Second Motion for Reconsideration**

Review of the Board's denial of Mr. Smith's second motion for reconsideration is governed by the Administrative Procedure Act, 5 U.S.C.

6

§§ 701-06, *see* 49 U.S.C. § 31105(d). Under this Act, "refusals to reconsider for material error" are not reviewable. *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 282 (1987).

An error is considered material when it is based "on the same record that was before the agency when it rendered its original decision." *Id.* at 280. Thus, if reconsideration is sought "on the basis of new evidence or changed circumstances[,] review [would be] available and the abuse-of-discretion standard would apply; otherwise, the agency's refusal to go back over ploughed ground [would be] nonreviewable." *Id.* at 284.

Mr. Smith twice sought reconsideration for the alleged failure to recognize that he had "presented direct evidence of [his employers] forcing [him] to violate D.O.T. regulations." R., Vol. II, Ex. 32 at 1; *see also id.*, Ex. 34 at 2 (arguing that his employers "violat[ed] DOT rules and regulations"). Because Mr. Smith's second motion for reconsideration involved a successive challenge to the administrative law judge's view of the evidence, the Administrative Review Board's second denial of reconsideration was not reviewable. *See Tsegay v. Ashcroft*, 386 F.3d 1347, 1356 (10th Cir. 2004).

## IV. Conclusion

We thus dismiss the petition for judicial review.

Entered for the Court

Robert E. Bacharach
Circuit Judge