19-3131-bk (L)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           JOSEPH F. BIANCO,
                    *Circuit Judges.*

In re Carmine P. Amelio,

                    *Debtor.*

CARMINE P. AMELIO,

           *Debtor-Appellant,*                    19-3131-bk, 19-3132-bk, 19-3136-bk

           v.

DEBORAH J. PIAZZA,

           *Trustee-Appellee.*

**FOR DEBTOR-APPELLANT:**            Carmine Amelio, *pro se*, New Milford, CT

**FOR TRUSTEE-APPELLEE:**            Michael Z. Brownstein, Tarter, Krinsky & Drogin LLP, New York, NY

1

Appeal from the August 29, 2019 judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Carmine Amelio, proceeding *pro se*, appeals the district court's judgment affirming certain bankruptcy court orders. He challenges the bankruptcy court's decision to convert his Chapter 13 case to Chapter 7; its denial of his motions to vacate the conversion order, dismiss the Chapter 7 proceedings, and stay the Chapter 7 proceedings pending appeal; and its denial of his motions for the bankruptcy court judge's recusal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error. *Id.* This Court reviews for abuse of discretion orders converting a bankruptcy case for cause, denying relief from a judgment, denying a stay pending appeal or temporary restraining order, and denying a motion for the bankruptcy judge's recusal. *Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998) (conversion); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (reconsideration); *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 206 (2d Cir. 2014) (preliminary injunction); *Aguinda v. Texaco, Inc. (In re Aguinda)*, 241 F.3d 194, 200 (2d Cir. 2001) (recusal). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings," or if it "commit[s] a clear error of judgment." *In re Blaise*, 219 B.R. at 950.

I.    **Conversion Order and Motions to Vacate**[1]

The bankruptcy court did not abuse its discretion when it converted the case to Chapter 7. As a preliminary matter, the conversion was within the court's authority. The Chapter 13 Trustee moved to dismiss the Chapter 13 case pursuant to 11 U.S.C. § 1307. That statute provides:

> on request of a party in interest or the United States trustee and after notice and a
> hearing, the court may convert a case under this chapter to a case under chapter 7 of

---

[1] The district court held that it had jurisdiction to consider Amelio's appeal from the conversion order because the filing of a successive Fed. R. Bankr. P. 9023 motion tolled the time to file a notice of appeal. *See Amelio v. Piazza*, 2019 WL 5199600, at *4 (S.D.N.Y. Aug. 27, 2019). We disagree. *See National Loan Invs., L.P. v. Brewster (In re Brewster)*, 243 B.R. 51, 55 (B.A.P. 9th Cir. 1999); *Stangel v. United States (In re Stangel)*, 68 F.3d 857, 859 (5th Cir. 1995) (per curiam); *see also Glinka v. Maytag*

2

this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . unreasonable delay by the debtor that is prejudicial to creditors[.]

11 U.S.C. § 1307(c)(1). The statute thus authorized the bankruptcy court to order either dismissal or conversion in ruling on the Chapter 13 Trustee's motion to dismiss. Notice of a motion for dismissal under this section is sufficient to provide notice that the court may instead order conversion. *See, e.g.*, *Froman v. Fein (In re Froman)*, 566 B.R. 641, 651 (S.D.N.Y. 2017). Indeed, the bankruptcy court had the authority to convert the case to Chapter 7 on its own motion pursuant to 11 U.S.C. § 105(a). *See* 11 U.S.C. § 105(a) (bankruptcy court "may issue any order . . . that is necessary or appropriate to carry out the provisions of this title," and "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.").

The bankruptcy court erred with respect to Amelio's statutory eligibility for Chapter 13 protection; it did not consider most of his objections to the proofs of claim because, due to a docketing error not attributable to Amelio, it did not see the objections until after it had entered the conversion order and decided Amelio's two motions to vacate. If they had been sustained, the objections could have brought Amelio within the secured debt limits required for Chapter 13 protection. *See* 11 U.S.C. § 109(e). But this error does not provide a basis for remand: the bankruptcy court made clear, at the hearing on Amelio's first motion to vacate, that it would have reached the same result regardless of those objections to the proofs of claim. Amelio does not challenge most of the remaining bases for the unreasonable-delay finding underlying the conversion order—i.e., that he had not fully disclosed his properties, his proposed Chapter 13 plan addressed only one claim (and, thus, failed to address a number of claims to which he never objected), and he had not provided necessary documents to the Chapter 13 Trustee.

None of Amelio's remaining challenges to the conversion order are availing. Contrary to Amelio's suggestion, the bankruptcy court was not required to find that he acted in bad faith: although bad-faith conduct can be the basis for a dismissal or conversion under § 1307, a bad-faith finding is not required by the statute. *See* 11 U.S.C. § 1307(c); *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007). Amelio also does not provide evidence for his claim that he had very little equity—particularly in light of the bankruptcy court's finding that he had failed to fully disclose

*Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) (subsequent Rule 59 and 60 motions do not toll the time to appeal under Fed. R. App. P. 4(a)); *In re Stangel*, 68 F.3d at 859 ("Because [Rule] 4(a)(4) directly tracks the language of [Fed. R. Bankr. P.] 8002(b), courts typically look to decisions applying [Rule] 4(a) as a guide to applying Rule 8002."). Accordingly, we discuss that decision only to the extent that it is relevant to the bankruptcy court's decisions denying Amelio's other motions.

assets—and he does not explain why, if this were the case, the bankruptcy court should have denied the Chapter 13 Trustee's § 1307 motion and allowed the case to proceed under Chapter 13.[2] The bankruptcy court did not characterize Amelio as a serial filer until after the conversion order. And the bankruptcy court was entitled to consider events predating the Chapter 13 petition—including prior bankruptcies involving the properties that Amelio owned jointly with his brothers—in reaching its decision. *See Marrama*, 549 U.S. at 373.

Nor has Amelio shown a basis to reverse the bankruptcy court's decisions on his motions to vacate. Amelio argues that the bankruptcy court erred in construing his motions as motions for rehearing, rather than motions to vacate. The motions themselves cited Fed. R. Civ. P. 60, which is incorporated into the Federal Rules of Bankruptcy Procedure by Fed. R. Bankr. P. 9024. *See* Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(b) (providing for relief from a judgment on grounds including "mistake . . . or excusable neglect" and "newly discovered evidence"); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (internal quotation marks omitted)). Even if the bankruptcy court had improperly characterized the motion as arising under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59), the bankruptcy court's findings— that Amelio had not identified new facts or an error of fact or law in the prior decision that would affect the outcome below—established that Amelio had not satisfied the requirements for Rule 60(b) relief. In light of the discussion above, that decision was not an abuse of discretion. Moreover, the district court sufficiently articulated the bases for its decisions "to permit meaningful appellate review." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999).

## II. Motions to Dismiss, for a Stay Pending Appeal, and for a Temporary Restraining Order

Amelio repeatedly moved to dismiss under 11 U.S.C. § 1307(b) or § 707(a). However, Amelio was not entitled to voluntary dismissal under 11 U.S.C. § 1307(b) because he filed these motions after the bankruptcy court entered its conversion order. *See* 11 U.S.C. § 1307(b) (providing that the bankruptcy court "shall dismiss" a Chapter 13 case "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title"); *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 622–23 (2d Cir. 1999) (holding that "debtor had the right voluntarily to dismiss her Chapter 13 petition absent an actual order of conversion"). In addition, Amelio did not show grounds for dismissal under 11 U.S.C. § 707. *See* 11 U.S.C. § 707(a)

---

[2] To the extent Amelio argues that the bankruptcy court should have granted the Chapter 13 Trustee's motion to dismiss pursuant to 11 U.S.C. § 1307(c), he has waived that argument by opposing dismissal in the bankruptcy court. *See United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015) ("[T]his court . . . recognize[s] waiver where a party actively solicits or agrees to a course of action that he later claims was error.").

(providing that a bankruptcy court may dismiss a Chapter 7 case "only for cause"). His motions were based on his argument that the conversion was improper; as discussed above, it was not. Likewise, because the bankruptcy court did not abuse its discretion in entering the conversion order or in denying Amelio's motions to vacate and dismiss, it did not abuse its discretion in finding that Amelio had failed to carry his burden to show a likelihood of success on the merits of his appeals of those decisions, as was necessary for a stay pending appeal or a temporary restraining order pending adjudication of the motion for a stay. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

## III.    Motions for Recusal

Finally, the bankruptcy court did not abuse its discretion in denying Amelio's repeated motions for Chief Judge Morris's recusal because they were based entirely on adverse rulings and knowledge that the judge gained from the exercise of her judicial function. *See* 28 U.S.C. § 455; *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227–28 (2d Cir. 2009); *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447–48 (2d Cir. 2005). There is no evidence to support Amelio's allegation on appeal that Chief Judge Morris colluded with the Chapter 13 Trustee and the clerk to misplace his objections to the proofs of claim. A review of the record reflects that Chief Judge Morris did not exhibit any improper bias warranting recusal.

## CONCLUSION

We have reviewed all of the arguments raised by Amelio on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 29, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk