JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
On January 3, 2011, Yelverton appealed to the district court from an April 22, 2010 judgment of the bankruptcy court dismissing all of his claims. As the district court explained, Yelvertoris appeal would be timely under Federal Rule of Bankruptcy Procedure 8002 only if the time to appeal was tolled by his December 7, 2010 motion, brought pursuant to Federal Rule of Civil Procedure 59, for reconsideration of the bankruptcy court’s denial of his earlier post-judgment motions for reconsideration. It is well-settled, however, that a Rule 59 motion for reconsideration of the denial of a previous Rule 59 motion does not toll the time to appeal. See Am. Sec. Bank, N.A. v. John Y. Harrison Realty, Inc., 670 F.2d 317, 320-21 (D.C.Cir.1982); see also 12 James Wm. Moore et al., Moore’s Federal Practice § 59.32[2]. Yelvertoris further argument that the bankruptcy court’s orders disposing of his post-judgment motions were subject to a separate document requirement under Federal Rule of Civil Procedure 58(a) is foreclosed by the plain terms of that rule and finds no support in the language he cites from the Advisory Committee notes. Yelvertoris appeal was therefore untimely.
The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).